(No. 15511.—Decree affirmed.)
HENRY M. FEYERABEND et al. Appellees, vs. IVA ORF
FEYERABEND, Appellant.

*Opinion filed June 17, 1924.*

1. EQUITY—*in absence of certificate of evidence, decree must state facts upon which it is based.* There is no presumption in a chancery case, where trial by jury is not a matter of right, that the evidence not appearing in the record was sufficient to sustain the decree, and where the proof is not preserved by a certificate of evidence the facts proved must be found in the decree.

2. APPEALS AND ERRORS—*party seeking reversal of decree which makes finding of facts must preserve evidence by certificate—partition.* Where a decree recites the ultimate facts as proved and they are *prima facie* sufficient to sustain it, an appellant desiring a reversal of the decree on the ground that the evidence is not sufficient to sustain it must preserve the evidence by a certificate, otherwise the decree must be affirmed.

3. JUDGMENTS AND DECREES—*when a decree in partition makes finding of fact and does not state conclusion.* Where a defendant objects to partition among heirs on the ground that she was the lawful wife of the ancestor and denies the allegation of the bill that the ancestor was insane when the marriage was contracted, a finding in the decree that the ancestor was insane and incapable of comprehending the nature of his act and that the marriage was null and void is a finding of the ultimate fact in controversy and not a mere conclusion that the equities are with the complainants.

4. SAME—*when decree need not recite that every finding therein is upon evidence heard.* Where the beginning of a decree states that the cause was heard by the court on oral and documentary evidence produced, it may proceed to recite the facts found without stating before every finding that the facts stated were found from the evidence.

APPEAL from the Circuit Court of Jersey county; the Hon. E. S. SMITH, Judge, presiding.

GEERS & GEERS, and A. U. BARCO, for appellant.

HAMILTON & CROSS, SUMNER & REARDON, EUGENE HALE, and P. M. HAMILTON, guardian *ad litem,* for appellees.

Per Curiam: This appeal is prosecuted from a decree of the circuit court of Jersey county granting the prayer of a bill for the partition of certain real estate. The land involved belonged in fee to George L. Feyerabend at the time of his death. He died intestate in November, 1922. The bill alleges he left no widow, child or descendants of a child surviving him, but left his brother, Henry, and his sisters, Sophia Louise Hoppe and Elizabeth Feyerabend, his only heirs-at-law. The sister Elizabeth is a *non compos,* and the bill was filed by the deceased's brother and sister Sophia, and by Elizabeth by Frank Munster, her conservator and next friend. The bill alleges that by the death of Feyerabend his brother and sisters became seized in fee of the undivided one-third part of the land, which consisted of 100 acres of farm land and some property in the city of Jerseyville; that Iva Orf, otherwise known as Iva Feyerabend, claims to be the widow of Feyerabend, and that a child, called George L. Feyerabend, Jr., is the lawful child of his marriage with Iva; that Iva filed a petition in the county court of Jersey county in December, 1922, alleging Feyerabend died intestate, leaving her as his widow, and George L. Feyerabend, Jr., his child and only heir-at-law; that she prayed that letters of administration issue to her on the estate of Feyerabend, and an order was entered granting the prayer of the petition, appointing Iva administratrix, and she gave bond and qualified as such; that complainant Henry M. Feyerabend objected to the order and prayed an appeal to the circuit court, which the bill alleged was pending at the time the bill was filed; that during the months of April, May and June, 1920, Feyerabend was a patient in a hospital in the city of St. Louis, Missouri; that he was then, and had been for many years, in a feeble mental condition, and had insufficient mental capacity to enter into a marriage contract or relation; that while he was in the hospital Iva induced him to enter into a marriage contract with her, for the fraudulent design and pur-

pose of obtaining possession and title to his property; that in furtherance of her fraudulent design, and while Feyerabend had not sufficient mental capacity to enter into a marriage relation, she induced him on the 25th of June, 1920, to enter into a supposed marriage ceremony with her in the State of Missouri; that afterwards, in furtherance of her fraudulent scheme to obtain his property, on or about the 25th of January, 1921, she fraudulently claimed and pretended she had given birth to a child, now known as George L. Feyerabend, Jr., as the lawful child of Feyerabend and the lawful issue of the supposed marriage between the parties; that the child was not the lawful child of Feyerabend and was not the issue of the supposed marriage between him and Iva. The bill prayed that the supposed marriage ceremony between Feyerabend and Iva Orf be decreed null and void and of no effect, and that the child, George L. Feyerabend, Jr., be declared not to be the child and issue of the supposed marriage and that the property be partitioned among the deceased's brother and two sisters.

Iva Orf Feyerabend answered the bill. She admits George L. Feyerabend left no child or descendants of a child or parent or parents surviving him but denies he left no widow, and alleges she was his wife at the time of his death and is his widow, and upon his death became seized of an undivided one-half of his real estate and homestead and dower in the remaining one-half; admits that she applied for and secured letters of administration on the estate of Feyerabend; that complainant Henry M. Feyerabend appealed from the order to the circuit court, and thereafter she resigned as administratrix and Henry was appointed administrator with her consent; denies that during the months of April, May and June, and prior thereto, Feyerabend was in a feeble mental condition and not possessed of mental capacity to enter into a marriage contract or relation; denies that she took advantage of his feeble men-

tal condition and fraudulently induced him to contract and enter into a marriage with her, and alleges he was in April, May and June, 1920, and for a long time prior thereto, in full possession of his mental faculties; that she was lawfully married to him in Missouri on June 25, 1920, and thereafter lived and cohabited with him as his wife; avers that he had sufficient mental capacity to understand, and did fully understand, the nature and effect of the marriage, and continued to understand the same until his death; denies that she on the 25th of January, 1921, pretended she had given birth to a child or that the child was the lawful issue of the marriage with Feyerabend, but alleges she and Feyerabend mutually agreed to take the child referred to as George L. Feyerabend, Jr., which was not the child of either of said parties, and to hold it out to the world as their own child and issue; that they considered the matter of legally adopting the child, but had omitted to do so before the death of Feyerabend; that Feyerabend represented the child to be his own child and instructed her to do so, and that, desiring to carry out her husband's request, she represented the child as being the issue of the marriage and was willing to allow the child to inherit the property of Feyerabend.

A guardian *ad litem* was appointed for George L. Feyerabend, Jr., and filed an answer. The case was heard on proofs introduced before the chancellor and a decree entered granting the relief prayed in the bill, from which Iva Orf Feyerabend has prosecuted this appeal.

A certificate of evidence was filed by appellant but on motion of appellees was stricken from the files because it was not a copy of the original certificate signed by the trial judge and authenticated by the clerk of the trial court and because it did not bear the file-mark of the clerk of the trial court. Thereupon appellant asked for and was granted leave to file an additional assignment of errors. The origi-

nal errors assigned were, in substance, that the evidence was not sufficient to support the decree and that the court erred in the admission and rejection of testimony. The additional errors assigned are, that there is no evidence to support the findings recited in the decree, that the decree is not based on evidence heard, and that the evidence upon which the decree is based is not preserved in the decree.

There is no presumption in a chancery case, where trial by jury is not a matter of right, that the evidence not appearing in the record was sufficient to sustain the decree, and where the proof is not preserved by a certificate of evidence the facts proved must be found in the decree. The settled rule in this State is, that if the decree recites the ultimate facts as proved and they are sufficient to sustain it, an appellant desiring a reversal of the decree on the ground that the evidence is not sufficient to sustain the decree must preserve the evidence by a certificate. (*Rybako-wicz* v. *Rybakowicz,* 290 Ill. 550; *French* v. *French,* 302 id. 152.) The decree in this case recites that it was heard before the court on evidence, oral and documentary; and on the controverted questions the decree recites the court finds that in April, May and June, 1920, and for many years prior thereto, George L. Feyerabend was in a feeble mental condition and had not sufficient mental capacity to enter into a marriage contract or relation; that he had before that time been three times adjudged insane and confined in an insane asylum; that his insanity was a settled or confirmed insanity; that he was affected with a disease, practiced bad habits, and up to the time of his death was insane and mentally incapable of understanding a marriage contract or relation; that while he was in a hospital, Iva Orf, the lawful wife of Tony Orf, for the fraudulent purpose of obtaining Feyerabend's property, induced him to enter into a marriage contract with her, and while she was the lawful wife of Tony Orf caused Feyerabend to introduce her to acquaintances as Miss Walker, his future wife;

that thereafter, in pursuance of her fraudulent design and purpose, and while Feyerabend was without mental capacity to enter into the marriage relation, she induced him, on the 25th of June, 1920, to go through the form of a marriage ceremony in the State of Missouri two days after she had secured a divorce from her husband, Tony; that Feyerabend before, at the time of and up to the time of his death remained insane, without capacity to enter into a marriage contract or relation; that he never at any time after the alleged marriage had the mental capacity to ratify or disaffirm it. The court finds the marriage between Iva Orf and Feyerabend was illegal and void because at the time of its performance Feyerabend was insane, and that Iva had no right, title or interest in the real estate of Feyerabend. The court further finds that Iva, on or about January 25, 1921, pretended she had given birth to a child by Feyerabend as the issue of their marriage, and finds that said child was not the child of either Iva or Feyerabend but was the child of a person other than Iva, and was taken by her with the fraudulent design and purpose of inducing Feyerabend to believe he was the father of the child, and that he did not have sufficient mental capacity to discover the fraud practiced on him. The decree adjudges that George L. Feyerabend, Jr., is not the lawful child of Feyerabend nor of Iva and is not an heir of Feyerabend, and has no right, title or interest in the lands of which he died seized.

The sole question presented by this appeal for decision is whether the facts found in the decree are sufficient to sustain it. It is not, and could not be, contended by appellant that the recitals of the decree are mere conclusions of the chancellor and not facts. An ultimate fact necessary to be determined in the case was whether the alleged marriage between Iva Orf and George L. Feyerabend was a valid marriage. Appellees allege it was invalid because

Feyerabend was insane at the time the marriage contract was made and the ceremony performed and was incapable of comprehending the effect of the contract and the marriage. The court found the fact to be that he was insane, incapable of comprehending the nature of his act, and that the marriage was null and void. That was the ultimate fact in controversy and was sufficient to sustain the decree upon that issue. It is not the recital of a conclusion, such as is sometimes made, that the complainant has proved the allegations of his bill and the equities are with him and a decree is entered accordingly. On the question of the parentage of the child, appellant by her answer admitted it was not the issue of the alleged marriage.

It is contended the decree does not recite that the findings of facts made therein are based on the evidence. We do not think this position of appellant is tenable. It is true that the findings are not all preceded by the statement that the court found from the evidence the facts recited in the decree, but in the beginning of the decree it states the cause was heard by the court on oral and documentary evidence produced and then proceeds to find the facts. It was not required that each sentence or paragraph of the findings should be preceded by a statement that they were found from the evidence. The only reasonable meaning of the decree is that the facts found in it were found from the evidence heard by the court, which the decree shows was produced in open court before the chancellor.

We are of opinion that in the absence of a certificate of evidence the decree must be sustained on the ground that it recites facts sufficient to justify the conclusion of the court.

The decree is affirmed.                    *Decree affirmed.*