(No. 17717.—Reversed and remanded.)
JULIANNA GENGLER *et al.* Appellees, *vs.* JAMES H. HOOPER
*et al.*—(JAMES H. HOOPER, Appellant.)

*Opinion filed December 23, 1926.*

EQUITY—*decree for complainant must be based on findings of fact or some record of evidence.* In chancery it is incumbent upon the party in whose favor a decree granting affirmative relief is entered to preserve in the record the evidence justifying the decree, and the general finding that all the material allegations in the bill are proved and that the equities are with the complainant will not sustain such a decree where there is no finding of specific facts and the evidence is not preserved in the record by a certificate of evidence, the report of a master in chancery or the verdict of a jury.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS WILSON, Judge, presiding.

JAMES H. HOOPER, *pro se.*

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellees filed their bill of complaint in chancery in the circuit court of Cook county alleging that they were the owners of certain real estate in that county, praying that a bailiff's deed issued to Bertha F. Hooper, and a quit-claim deed from her to James H. Hooper, be set aside and canceled. Answers were filed thereto, and upon a hearing a decree was entered setting aside the deeds in accordance with the prayer of the bill. The record is now before this court upon appeal.

No findings of fact were made by the court in the decree, and the transcript of the record of the circuit court does not show that the evidence was preserved by a certificate of evidence or report of a master in chancery, nor is it supported by a verdict of a jury. Appellant assigns as error the entry of a decree for affirmative relief not based upon any findings of fact contained therein or upon evidence properly preserved.

In chancery it is incumbent upon the party in whose favor a decree granting relief is entered, to preserve in the record the evidence justifying the decree. The general finding that all the material allegations in the bill are proved and that the equities of the case are with the complainant will not sustain a decree granting relief where there is no finding of specific facts and the evidence is not preserved in the record by a certificate of evidence, the report of a master in chancery finding the facts, or the verdict of a jury. *Ohman* v. *Ohman*, 233 Ill. 632; *VanMeter* v. *Malchef*, 276 id. 451; *Akin* v. *Akin*, 268 id. 324.

The decree of the circuit court must therefore be reversed and the cause remanded.

*Reversed and remanded.*