### Benton State Bank, Defendant in Error, v. R. Shad Bennett et al., Plaintiffs in Error.

1. APPEAL AND ERROR—*duty to preserve in record evidence justifying decree.* In a chancery suit it is incumbent upon the party in whose favor a decree granting affirmative relief is entered to preserve in the record the evidence justifying the decree.

2. APPEAL AND ERROR—*insufficiency of finding to sustain decree.* A general finding that all the material allegations in a bill in equity are

proved, and that the equities are with the complainant, will not sustain a decree granting affirmative relief where there is no finding of specific facts and the evidence is not preserved in the record by a certificate of evidence, the report of the master or the verdict of a jury.

3. APPEAL AND ERROR—*presumption as to depositions from recitals in decree.* A reviewing court will not presume from a recital in a decree granting affirmative relief, to the effect that the trial court ordered the clerk to publish all depositions on file, that such depositions were sufficient to support the decree.

4. APPEAL AND ERROR—*necessity of incorporating depositions in certificate of evidence.* Depositions taken and filed in a chancery cause are a part of the record without being incorporated in a certificate of evidence.

Error by defendant to the Circuit Court of Franklin county; the Hon. J. C. KERN, Judge, presiding. Heard in this court at the October term, 1927. Reversed and remanded. Opinion filed January 20, 1928.

R. SHAD BENNETT, for plaintiffs in error.

M. PULVERMAN and HART & HART, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Defendant in error procured a decree setting aside certain conveyances and subjecting the land to the payment of its judgments. The facts upon which the decree is based were not preserved in a master's report, a certificate of evidence, depositions or otherwise. The nearest approach to a preservation of the evidence is found in the following recital: "And now, on October 19, 1926, the same being another one of the judicial days of said September Term, A. D. 1926, of said Court, after having heard the evidence herein and arguments of counsel, and being fully advised in the premises, the Court finds that the Court has full and complete jurisdiction of the subject-matter of this proceeding and of the parties thereto in the amended bill herein, both complainant and defendants herein, and

that the equities of this cause are with the complainant, and that the complainant is entitled to the relief prayed for in its amended bill of complaint herein, and that the matters and things contained in the said amended bill of complaint herein are true as therein stated.''

The law is well settled that in chancery it is incumbent upon the party in whose favor a decree granting affirmative relief is entered to preserve in the record the evidence justifying the decree, and the general finding that all the material allegations in the bill are proved, and that the equities are with the complainant will not sustain such a decree where there is no finding of specific facts and the evidence is not preserved in the record by a certificate of evidence, the report of the master in chancery or the verdict of a jury. *Gengler v. Hooper,* 324 Ill. 47; *Feyerabend v. Feyerabend,* 312 Ill. 559.

The decree also contains a recital to the effect that the court ordered the clerk to publish all depositions on file in the case. In the original transcript of the record no depositions were shown and defendant in error insisted that by reason of the said recital in the decree this court should presume that the depositions on file were sufficient to support the decree. Under section 81 of the Practice Act, Cahill's St. ch. 110, ¶ 81, we ordered an additional transcript of the depositions to be filed in this court and the same was duly filed. Depositions taken and filed in a chancery cause are a part of the record without being incorporated in a certificate of evidence. The depositions in this cause, however, do not in any way tend to support the decree. Defendant in error having procured a decree for affirmative relief, should have preserved the evidence in some manner recognized by law and having failed to do so there is no alternative and it is our duty to reverse and remand the cause.

*Reversed and remanded.*