THE FRANCO-AMERICAN HYGIENIC COMPANY *et al.* Appellees, *vs.* THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed April 21, 1928.*

1. APPEALS AND ERRORS—*decree for relief cannot be sustained without evidence or recitals of facts supporting it.* A decree granting affirmative relief cannot be sustained unless the evidence on which it is based is preserved in the record or the decree finds facts which justify the relief.

2. JUDGMENTS AND DECREES—*what recitals are not sufficient to support decree.* The recital in a decree, by way of a finding, that all the material allegations of the bill are proved and that the equities of the cause are with the complainants is not a ·finding of fact, but, on the contrary, is a mere conclusion and not sufficient to support a decree granting affirmative relief.

3. MUNICIPAL CORPORATIONS—*what recital in decree enjoining enforcement of invalid ordinances is not sufficient to support it.* The recital in a decree enjoining the enforcement of alleged invalid ordinances that the complainants were compelled to become licensees under the ordinances, without stating one or more facts which are determinative of the invalidity of the ordinances and without any other recitals except that all the material allegations of the bill are proved and that the equities are with the complainants, is not sufficient to support the decree.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, (LEON HORNSTEIN, and RUTH C. NELSON, of counsel,) for appellants.

THOMAS J. HICKEY, and JOHN S. HALL, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The Franco-American Hygienic Company, the American Perfumeries, and the White Cross Laboratories, all corporations, and Euclid Snow, doing business as the Mal-

linckrodt Chemical Works, filed their amended bill of complaint in the circuit court of Cook county against the city of Chicago and William E. Dever, Morgan A. Collins and J. H. Wilson, respectively the mayor, the chief of police and the chief of the license department of the city. The complainants alleged in their bill that they, with many other firms, individuals and corporations, were engaged in the manufacture and sale, in the city of Chicago, of perfumes and toilet preparations; that the city claimed that the complainants, in the conduct of their several businesses, were governed by certain provisions of the municipal code entitled, respectively, "Article 3, Factories or Workshops," "Article 4, Chemical or Paint Factories," "Article 8, Wholesale Drug, Chemical or Paint Stores," and "Article 9, Laboratories;" that these ordinances were unconstitutional and void, but that, notwithstanding this fact, the chief license inspector of the city had demanded of the complainants the license fees fixed thereby; that unless enjoined the city would exact the penalties prescribed by the ordinances, and the complainants, and others similarly situated, would be harassed by a multiplicity of suits and arrests, without a remedy against the city for the false arrests and imprisonments to which they would be subjected, and that the complainants would suffer irreparable loss and damage without an adequate remedy at law. The prayer of the bill was that the ordinances be declared invalid and that the city be enjoined from enforcing them. The defendants filed a general demurrer to the bill, but the demurrer was overruled. An answer followed, in which the defendants denied the material allegations of the amended bill except that they averred that the ordinance entitled "Factories or Workshops" had been held invalid by this court, and that since this decision the city had made no effort to enforce the ordinance. The complainants filed a replication to the answer. A decree was rendered which perpetually enjoined the defendants from enforcing the chemical or paint fac-

tories, the wholesale drug, chemical or paint stores and the laboratories ordinances. The defendants prosecute this direct appeal, the chancellor having certified that the validity of municipal ordinances was involved in the cause and the public interest required that the appeal should be so taken.

It is a general rule of chancery practice that a decree granting affirmative relief cannot be sustained unless the evidence on which it is based is preserved in the record or the decree finds facts which justify the relief. (*Gengler* v. *Hooper,* 324 Ill. 47; *VanMeter* v. *Malchef,* 276 id. 451; *Akin* v. *Akin,* 268 id. 324; *Grays Lake M. E. Church* v. *Metcalf,* 245 id. 54; *Ohman* v. *Ohman,* 233 id. 632; *Timke* v. *Allen,* 225 id. 402; *Standish* v. *Musgrove,* 223 id. 500; *Torsell* v. *Eiffert,* 207 id. 621; *Village of Harlem* v. *Suburban Railroad Co.* 202 id. 301; *Jackson* v. *Sackett,* 146 id. 646.) No evidence to support the decree in this case is preserved in the record. The question therefore arises whether the decree contains findings of fact sufficient to justify the relief granted. The only findings incorporated in the decree are: That the allegations of the bill are true; that the equities are with the complainants; that the defendants attempted to compel the complainants to take out licenses under the chemical or paint factories, the wholesale drug, chemical or paint stores and the laboratories ordinances, and that each of these ordinances is void. The recital in a decree, by way of a finding, that all the material allegations of the bill are proved and that the equities of the cause are with the complainant is not a finding of fact, but, on the contrary, is a mere conclusion and is not sufficient to support a decree granting affirmative relief. (*Gengler* v. *Hooper, supra; French* v. *French,* 302 Ill. 152; *VanMeter* v. *Malchef, supra; Grays Lake M. E. Church* v. *Metcalf, supra; Ohman* v. *Ohman, supra; Becklenberg* v. *Becklenberg,* 232 Ill. 120; *Torsell* v. *Eiffert, supra.*) The only other finding in the decree, namely, that the appellants attempted to compel the appellees to become licensees under

the three designated ordinances, obviously does not justify an adjudication of their invalidity or a decree restraining their enforcement. Such a decree must necessarily be based upon one or more facts which are determinative of the invalidity of the ordinances. A demand for the payment of a license fee fixed by a municipal ordinance may be as consistent with the validity as the invalidity of the ordinance. No fact is found by the instant decree which affords a sufficient basis for the relief granted:

The decree of the circuit court is reversed and the cause is remanded to that court.          *Reversed and remanded.*