(No. 18327.—

H. L. VETTE *vs.* WILLIAM H. BROWN *et al.*—(GERALD D. O'NEIL, Plaintiff in Error, *vs.* EMMET J. CLEARY *et al.* Defendants in Error.)

*Opinion filed April 20, 1929.*

Eric Winters, and Harry Hamill, (Frank A. Ramsey, of counsel,) for plaintiff in error.

Rathje & Connor, (Emmet J. Cleary, of counsel,) for defendants in error.

Mr. Commissioner Partlow reported this opinion:

On June 16, 1921, H. L. Vette filed his bill in the circuit court of Cook county to foreclose a trust deed executed on March 5, 1915, by William H. Brown and wife to the Chicago Title and Trust Company, as trustee, to secure a note of $2000 due in one year. The bill alleged that Vette was the legal holder of the note and trust deed and that default had been made in the payment of the note; that Julia A. Riley appeared to be the owner of the real estate, and that F. Wagner, Claude Draper, George W. O'Neil, and the unknown owner or owners of a note for $500, secured by a trust deed upon the premises to Arthur F. Struckman, as trustee, claim some interest in the premises. All of the parties above named were made defendants. On July 23, 1921, a default was entered against all of the defendants except George W. O'Neil. On August 5, 1921, George W. O'Neil, Katherine O'Neil and Hazel O'Neil filed a cross-bill, in which they alleged, among other things, that on June 11, 1921, Julia A. Riley deeded the premises to

George W., Katherine, Hazel and Gerald D. O'Neil, the latter being a minor, who was not a party defendant in the case. An answer to the bill for foreclosure was filed on August 8, 1921, by George W., Katherine and Hazel O'Neil, and on January 2, 1923, they filed an amended cross-bill, which contained substantially the same allegations as the original cross-bill. No answers appear in the record either to the cross-bill or to the amended cross-bill. On July 13, 1922, the evidence on behalf of the complainant was taken upon the original bill and the cause was continued. On March 17, 1923, evidence was heard on the cross-bill, it was dismissed for want of equity and a decree of foreclosure was entered. This decree provided that if the property was not redeemed after sale and a master's deed was executed the purchaser was to be let into possession of the premises, and all of the parties to the cause who might be in possession thereof, or any persons who since the commencement of the suit had come into possession thereof under them, should, upon the presentation of the master's deed, surrender possession to the purchaser. The master sold the premises to Vette and the sale was approved. On November 27, 1925, Emmet J. Cleary filed a petition in which he alleged that the master executed to him a deed for the premises, that the premises were in possession of George W. O'Neil, who refused to surrender possession, and the prayer of the petition was for a writ of assistance. An order was entered that George W. O'Neil file his answer to the petition of Cleary within five days, and the petition was set for hearing on December 4, 1925. On December 3, 1925, Cleary filed another petition, in which he alleged the execution and delivery of a deed by the master upon the expiration of the period of redemption; that at the time of the filing of the bill the premises were, and are now, in the possession of George W. and Gerald D. O'Neil; that upon the delivery to him of the master's deed he exhibited the same, together with a certified copy of the

decree, to George W. and Gerald D. O'Neil and demanded possession of the premises, but they refused to surrender possession, and he prayed for a writ of assistance. On December 3, 1925, Gerald D. O'Neil made a motion for leave to file a bill of review, and on the same day a motion was made by Cleary to set his last petition for hearing, and it was set for hearing on December 5, 1925. On December 5, 1925, there was a hearing on the petition of Cleary for a writ of assistance and on the petition of Gerald D. O'Neil for leave to file a bill of review, but no evidence taken on this hearing appears in the abstract. The court entered an order finding that it had jurisdiction of the parties and of the subject matter, and it was ordered that the petition of Gerald D. O'Neil to file a bill of review be denied, that the petition of Cleary against George W. and Gerald D. O'Neil for a writ of assistance be allowed, and that they vacate the premises on or before December 11, 1925. They did not vacate, a writ of assistance was issued on December 12, 1925, and they were dispossessed by the sheriff and the possession was delivered to Cleary. Gerald D. O'Neil prosecuted a writ of error from the Appellate Court to review the record of the circuit court, the order and decree were affirmed, and the cause comes to this court upon a writ of *certiorari* prosecuted by him.

Plaintiff in error, Gerald D. O'Neil, was neither a party complainant nor defendant in the original proceedings to foreclose the mortgage and did not come in *pendente lite*. No process of any kind was issued or served upon him. He was a minor and did not appear by a guardian *ad litem* or otherwise. In the cross-bill and in the amended cross-bill the attention of the court was called to the fact that he was not a party to the suit, that he was a minor, and that a deed was made to him before the bill to foreclose was filed. The decree of foreclosure was not binding upon him because he was not a party to the suit, and he is in no position to complain about a decree which was not binding

upon him and which did not adjudicate his rights. The sale under the decree of foreclosure was made in April, 1923, and it was not until December 3, 1925, that plaintiff in error first appeared in the case, when Cleary filed his second petition for a writ of assistance against him and George W. O'Neil, and plaintiff in error filed a motion for leave to file a bill of review. A writ of assistance is a summary proceeding. The writ will only issue against a party to the suit or one who has come into possession of the property *pendente lite*. The interests of other persons will not be adjudicated in this summary manner. (*Kerr* v. *Brawley,* 193 Ill. 205; *Paine* v. *Root,* 121 id. 77; *Gilcreest* v. *Magill,* 37 id. 300.) If plaintiff in error was in possession at the time the bill was filed he should have been made a party defendant. Neither in the original bill to foreclose nor in the decree of foreclosure was it alleged or found that plaintiff in error was or was not in possession at the time the bill was filed. The decree merely recited that if the property was not redeemed after the sale and a master's deed was executed the purchaser was to have possession as against all parties to the suit and against all parties who might come into possession since the commencement of the suit. If plaintiff in error was in possession at the time the bill for foreclosure was filed and was not a party to the suit or did not come into possession after the bill was filed, Cleary was not entitled to a writ of assistance against him. While the second petition for a writ of assistance filed by Cleary alleged that at the time of the filing of the bill the premises were, and are now, in possession of George W. O'Neil and plaintiff in error, the order for the writ of assistance did not make any finding as to the possession of plaintiff in error. It did not find that he was either a party to the suit, or that he was in possession of the property at the time the bill was filed, or that he came into possession after the bill was filed. There is nothing

to show whether evidence was or was not taken on December 5, 1925, on the hearing on the petition for a writ of assistance and on the petition of plaintiff in error for a bill of review. If evidence was taken it was not preserved. In chancery it is incumbent upon the party in whose favor a decree granting relief is entered to preserve in the records the evidence justifying the decree, or the decree must find the specific facts upon which it is based. A general finding that all of the material allegations of the bill are proved and that the equities of the case are with the complainant will not, upon appeal or writ of error, sustain a decree granting relief, where there is no specific finding of facts in the decree and the evidence is not preserved in the record by a certificate of evidence, the report of the master finding the facts or the verdict of a jury. (*Gengler* v. *Hooper*, 324 Ill. 47.) The order granting the writ of assistance does not contain sufficient recital of specific facts to sustain the order, the evidence upon which it was based, if there was any such evidence, is not preserved by any of the methods required by law, and for this reason the order granting the writ of assistance must be reversed. It must also be reversed because the record shows that plaintiff in error was not a party to the suit, and there is no evidence or finding that he came into possession of the premises after the bill was filed, and therefore none of his interests could be adjudicated.

The order granting the writ of assistance against plaintiff in error will be reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*