(No. 27501.—

EARL H. GROMER, Conservator for Charles R. Kelley, Plaintiff in Error, *vs.* GRACE MOLBY *et al.*, Defendants in Error.

*Opinion filed January 18, 1944.*

George D. Carbary, and Almore H. Teschke, both of Elgin, for plaintiff in error.

Healy, Beverly & Funk, of Elgin, Harold L. Reeve, Charles F. Grimes, Fred Kleppin, all of Chicago, and Paul M. Hamilton, of Elgin, for defendants in error.

Mr. Justice Stone delivered the opinion of the court:

This is a writ of error to review a decree entered in the circuit court of Kane county on June 6, 1901, reforming a quitclaim deed for mutual mistake in the description of the property conveyed, which deed was issued by Charles R. Kelley to L. M. Kelley on September 22, 1890. The plaintiff in error appears as conservator for Charles R. Kelley who, in January, 1894, was adjudged insane.

The record shows a hearing had and relief sought by the bill granted, correcting the description of the premises conveyed. It also appears that one Grace Molby and Gertrude Andrews, owners in fee each of an undivided one-third part of the premises, were made parties to the proceeding. They are also made parties defendant in error here. Plaintiff in error in his affidavit as to parties sets

out that defendants in error, designated in the affidavit as the trustees under the last will and testament of Isaac Cohein and the beneficiaries of that trust, claim an interest in the property as subsequent purchasers, and that defendant in error the S. S. Kresge Company is a tenant in possession under a lease with the Cohein trustees. The affidavit further alleges, as a conclusion of law, that the interests of such subsequent purchasers are subject to the interest of Charles R. Kelley.

Plaintiff in error here declares it is the duty of this court to consider defenses which were available but not raised on behalf of Charles R. Kelley by his guardian *ad litem* in the proceeding to reform the deed, in order that this court may determine whether the interests of such incompetent were properly protected. Counsel has filed with his brief a lengthy statement of what he says are facts which, though nowhere appearing in the record, this court should consider. As indicated herein, this is a writ of error proceeding to review the decree of 1901. Such a review is, under the law, limited to the record there made. Statements of counsel concerning facts not appearing of record cannot be considered on a review of such decree. If this were not the rule, there could be no finality in any proceeding where an incompetent is involved. Decrees otherwise sufficient and final, which settled titles to land, would be without that security to later-acquired interests, purchased on reliance of such decree, which the law has always provided. (*Smith* v. *Herdlicka,* 323 Ill. 585.) The fact that such recital of alleged facts is presented here, over forty-two years after the entry of the decree in the circuit court, is a notable example of such a situation. A court of review on writ of error can consider only such matters as were a part of the record in the court below. *People* v. *Evanston Railway Co.* 323 Ill. 109; *People ex rel. Williams* v. *Darst,* 265 Ill. 354; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 87 Ill. 454.

Plaintiff in error's counsel cites *Tymony* v. *Tymony,* 331 Ill. 420, in support of his contention that this court should consider facts *de hors* the record such as he has presented, as showing that the interest of Charles R. Kelley, the incompetent, was not properly guarded by the chancellor in the case decided in 1901. The opinion in the *Tymony case* clearly announces the rule governing the duty of the chancellor in cases where the rights of an incompetent are before him. In that case this court, while reversing the decree entered for inconsistencies in the record, declined to end the case, but because of the rights of the minor involved, which rights appeared in the record, sent the case back for further consideration. The *Tymony case* is not authority supporting the claim of plaintiff in error here. Of course, the duty rested upon the chancellor to protect the interests of the incompetent and were there in this record anything indicating that this was not done, this court would not hesitate to consider such matter, but nothing appears in this record to indicate that the interests of the incompetent were not protected. Statements of counsel as to what might have appeared in that record are not competent to be considered here.

We come then to a consideration of the record. Counsel for plaintiff in error contends, first, that the record is insufficient in law to sustain the decree; that as the evidence was not preserved, as required by the Practice Act then in force, the findings of fact in the decree are wanting in factual basis. The rule pertaining to the sufficiency of a decree, in a case such as this, as that rule existed prior to the present Civil Practice Act, required that the evidence supporting the decree be preserved either by certificate of evidence or by findings of fact in the decree. (*Chicago Terminal Transfer Railroad Co.* v. *Barrett,* 252 Ill. 86.) It is admitted here that no certificate of evidence appears in the record. The rule also is, however, that where the decree recites that a hearing of evidence was had, and the facts as

found by the decree were so found from the evidence after such hearing, it will be presumed that sufficient competent evidence was heard by the court to sustain its findings of fact, unless there appears in the record that which shows the contrary is true. *Kennard* v. *Curran,* 239 Ill. 122; *Allen* v. *Henn,* 197 Ill. 486; *Jackson* v. *Sackett,* 146 Ill. 646.

The facts as shown by the decree entered in 1901, which facts the decree found from "the evidence offered and taken in court" and after "having duly considered said evidence both oral and documentary," were that on or about September 22, 1890, L. M. Kelley purchased from Charles R. Kelley all his right, title and interest to the property described and involved here, for which L. M. Kelley paid to Charles R. Kelley "the full purchase and agreed price therefor." It is found that at the time of this transfer Charles R. Kelley was of sound mind and judgment and that he delivered a quitclaim deed to L. M. Kelley intending to convey the premises described in the bill of complaint, but by mistake of the scrivener the premises were misdescribed. The decree sets out the nature of the misdescription. The decree found that the description was erroneous, was the result of a mutual mistake of both parties and that the premises intended to be conveyed by the parties were by the correct description thereof as set out in the decree. The decree also finds that at the time of the making, delivering and recording of the deed, neither party discovered or had knowledge of the mistake. It also finds that L. M. Kelley, after the purchase, went into possession and, up to the time the decree was entered in 1901, had been in continuous possession by virtue of the deed and had caused extensive and costly repairs and improvements to be made on the premises and had paid the taxes thereon. The decree further finds that on or about January 23, 1894, Charles R. Kelley was adjudged insane and that by reason thereof he was unable to join in a conveyance to correct the erroneous description. The record shows that a guard-

ian *ad litem* was appointed for him, his answer filed, and a hearing of evidence was had. These findings are in conformity with the allegations of the bill of complaint.

The rule governing the reformation of deeds on the ground of mistake requires that it be shown that the mistake was one of fact and not of law and that it was a mutual mistake unknown to both parties. *Harley* v. *Magnolia Petroleum Co.* 378 Ill. 19; *Pearce* v. *Osterman,* 343 Ill. 175; *Skelly* v. *Ersch,* 305 Ill. 126.

In determining the sufficiency of findings of fact in a decree, where the evidence is not preserved by certificate of evidence, the rule is that a decree is sufficient if it finds from the evidence the ultimate facts necessary to sustain it. (*Anderson* v. *Anderson,* 339 Ill. 400; *Chicago Title and Trust Co.* v. *Ward,* 332 Ill. 126; *Feyerabend* v. *Feyerabend,* 312 Ill. 559; *Allen* v. *LeMoyne,* 102 Ill. 25.) Gauged by these rules, the findings of fact of the decree before us are sufficient to support it and this contention of plaintiff in error cannot be sustained.

Counsel for plaintiff in error also urges that the conveyance of Charles R. Kelley was a voluntary one and that equity has no jurisdiction to reform a deed made to evidence a voluntary conveyance. The rule invoked is correctly stated, (*Legate* v. *Legate,* 249 Ill. 359,) but it has no application here where the bill alleges and the decree finds as a fact that L. M. Kelley purchased the premises and paid the full purchase and agreed price therefor. The fact that the deed may have, as counsel states, recited a consideration of $1.00, is not evidence sufficient to establish the deed as a voluntary conveyance or to overcome the presumption that evidence was heard supporting the findings of fact of the chancellor touching that matter. Courts of equity have jurisdiction to reform conveyances not classed as voluntary conveyances. (*Krabbenhoft* v. *Gossau,* 337 Ill. 396.) On review of this record we find no error. The decree is affirmed.

*Decree affirmed.*