(No. 29953.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM TILLMAN, Plaintiff in Error.

*Opinion filed May 22, 1947.*

WILLIAM TILLMAN, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and JOHN J. BRESEE, State's Attorney, of Urbana, for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, William Tillman, hereafter referred to as defendant, was indicted for the crime of burglary and larceny in the circuit court of Champaign county in the year 1930, and upon arraignment pleaded guilty. The court, after denying probation, sentenced him to be confined from one year to life in the Illinois State Reformatory.

The sole point raised by defendant on this writ of error is that since the time of his sentence the Penitentiary Act of 1933 declares that the reformatories heretofore existing should be known as a part of the Penitentiary System, and therefore he is being illegally held in the penitentiary instead of a reformatory, as his sentence required.

Under almost identical circumstances this proposition has been decided contrary to the contention of defendant in *People ex rel. Cassidy* v. *McKinley,* 372 Ill. 247. We there held that the Penitentiary Act of 1933 does not have the effect of entitling a person, previously sentenced to a reformatory, to a discharge because after such conviction the reformatory became a part of the "Penitentiary System." This case was followed in *People ex rel. Lowe* v. *Ragen,* 387 Ill. 131. There is no merit in this contention.

We might suggest further that the defendant is not in a position to raise this point upon a writ of error, since the change in statute took place three years after the entry of the judgment and a writ of error is only available to review the record of the trial court upon facts or law as they existed at the time of his conviction and sentence. *People* v. *Dwyer,* 324 Ill. 363; *Gromer* v. *Molby,* 385 Ill. 283.

The judgment of the circuit court of Champaign county is affirmed.

*Judgment affirmed.*