(No. 31545.—

The People of the State of Illinois, Defendant in Error, *vs.* Sigmund Sam Engel.—(J. Edward Jones, Plaintiff in Error.)

*Opinion filed September 21, 1950.*

J. EDWARD JONES, of Chicago, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Sigmund Z. Engel, otherwise called Sam Engel, was adjudged guilty in the criminal court of Cook County of the crime of obtaining money by means and use of the confidence game. He was sentenced on November 9, 1949, to the penitentiary with a stay of mittimus until January 8, 1950. A further stay of mittimus was denied. No review of the judgment of conviction has been sought and, so far as the record discloses, Engel is presently serving the sentence imposed upon him by the judgment entered in the trial court. This writ of error makes no effort to review the Engel conviction.

· On April 14, 1950, more than five months after Engel's conviction, J. Edward Jones, plaintiff in error, presented a motion in the Engel case in the criminal court of Cook County for leave to file his personal petition in that case seeking a determination of the ownership of $7550 alleged to have been taken on August 12, 1949, from the person of the defendant, Engel, while being held in custody, by the sheriff of Cook County. The petition contained allegations that Jones was attorney for the defendant, Engel; that Engel on August 13, 1949, had assigned the money

in the hands of the sheriff to Jones to provide for his defense; that the sheriff had released $2000 to Jones but had refused to turn over the balance of $5550 and that other persons were claiming the money. The petition concluded with a prayer that plaintiff in error, Jones, be decreed to be the owner of the money and that the sheriff be directed to pay over the money to him. Request was made that other named claimants of the fund be notified to present their claims in answer to his petition or be barred. Endorsed on the petition was a demand by the petitioner for a jury trial. He now seeks by writ of error to review the order of the criminal court denying his motion for leave to file such petition.

Plaintiff in error asserts that the seizure of the money from Engel by the sheriff was incidental to the criminal case against Engel by virtue of section 26 of article VI of the Illinois constitution of 1870, and for that reason he, Jones, is entitled to have his matter reviewed in the same manner as that provided for the review of felonies. We cannot agree with that contention. He has cited no case as authority for this theory and we know of none. The case of *Bratsch* v. *People,* 195 Ill. 165, relied upon by him, was a direct appeal to this court in a matter requiring a construction of our State constitution, which did not contain any question concerning writs of error in this court. Reliance is also placed on the general statutes applicable to writs of error in criminal cases. In such cases writs of error are writs of right, and are issued of course. In all felony cases writs of error to the criminal court of Cook County are taken directly to this court. (Ill. Rev. Stat. 1949, chap. 38, pars. 771, 780½.) Such method of review was available to the defendant, Engel, upon entry of the judgment convicting him of a felony.

A writ of error is of ancient origin and tests the record made in the case by the trial court. The record in the trial court may consist only of the mandatory record, *viz.,*

indictment, arraignment, plea, trial and judgment, which appears in the clerk's record in every case, whether there is a plea of guilty or a trial. The record may also include a bill of exceptions, which consists of all the motions and rulings of the trial court, evidence heard, instructions, and other matters which do not come directly within the clerk's mandatory record. When the mandatory record and the bill of exceptions have both been included, the record consists of all proceedings in the case from the time of the convening of the court until the termination of the trial. *People* v. *Loftus,* 400 Ill. 432.

In the instant case the record consists of the mandatory record in the criminal proceedings against Engel, which is indexed only in the abstract, and a bill of exceptions containing none of the proceedings against Engel, but showing a petition by plaintiff in error, who was not a defendant in the case, which he sought to file after the entry of judgment of conviction of the defendant, together with an order denying plaintiff in error the right to file such petition in the criminal court of Cook County. Errors are assigned on this subsequent order of the trial court, and not on the judgment of conviction entered against the defendant, Engel.

A writ of error in a criminal case is only available to review the record of the trial court upon facts or law as they existed at the time of the conviction and sentence of the defendant. (*People* v. *Tillman,* 397 Ill. 153; *People* v. *Dwyer,* 324 Ill. 363.) The matters here presented for review occurred subsequent to the conviction and sentence of the defendant. An examination of the petition presented to the court by plaintiff in error compels the conclusion that the issues presented constituted a civil proceeding to determine the ownership of certain money alleged to have been taken from Engel by the sheriff. A new suit was contemplated in which plaintiff in error demanded a jury trial. No notice of appeal has been filed and served.

The proceeding filed in the criminal court of Cook County by plaintiff in error being essentially civil in nature, it follows that this court does not have jurisdiction on writ of error filed in the criminal case to review the order of the criminal court of Cook County denying plaintiff in error's motion for leave to file his petition to determine the ownership of the money in the hands of the sheriff of Cook County.

Plaintiff in error further contends that he is entitled to a review even though a writ of error may have been "improvidently sued out" instead of an appeal. Section 74 of the Civil Practice Act provides that every judgment rendered in any civil procedure, if reviewable by this court by writ of error, appeal, or otherwise, shall hereafter be subject to review by notice of appeal and such review shall be designated an appeal and shall constitute a continuation of the proceeding in the court below. (Ill. Rev. Stat. 1949, chap. 110, par. 198.) The purpose of the Civil Practice Act was the consolidation of the two prior methods of review. This has been accomplished by substituting a single form of direct review in civil cases for the two forms of direct review, namely, appeal and writ of error, previously obtaining. The essential attributes of writ of error and appeal are preserved in the new single form of review, in civil cases, and rights enjoyed heretofore under writs of error and appeal are preserved. The writ of error, however, still remains in criminal cases, although certain provisions of the Civil Practice Act with respect to review, namely, those relative to motions and briefs, abstracts, supersedeas, assignments of error, form and content of the transcript of record, are made applicable to criminal cases. *Bradford Supply Co.* v. *Waite,* 392 Ill. 318.

Counsel cites Rule 28 of this court, which provides that if a writ of error be improvidently sued out in a case where the proper method of review is by appeal but the issues of the case sufficiently appear upon the record, the

case should be considered as if the proper method of review had been employed. The purpose of Rule 28 is to permit review of a cause where the parties have a right to one or the other method. It is not designed to provide a right to appeal where no right to a writ of error exists. (*Bradford Supply Co.* v. *Waite,* 392 Ill. 318; *Kamienski* v. *Bluebird Air Service, Inc.,* 389 Ill. 462.) In the case now under consideration plaintiff in error did not have the right to have a proceeding, civil in nature, reviewed by writ of error in the criminal case of Sigmund Z. Engel. The attempt to obtain a review by writ of error was not "improvidently sued out" within the meaning of Rule 28. Plaintiff in error's contention is without merit.

The writ of error in this case is, therefore, dismissed.

*Writit of error dismissed.*