(No. 32626.-

B. H. MOLNER, Appellant, *vs.* GUST CARTENOS *et al.,* Appellees.

*Opinion filed May 20, 1953.*

MAURICE WEISSMAN, of Chicago, for appellant.

ALLEN, DARLINGTON & ELLIOTT, of Chicago, for appellee Gust Cartenos.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

B. H. Molner filed a complaint for partition against Gust Cartenos and others in the superior court of Cook County. This appeal is from an order dismissing that complaint for want of equity. A freehold is involved. The question presented here relates to the propriety of the court's disposition of the case upon the merits, in view of the state of the pleadings when the order was entered.

The verified complaint alleged that plaintiff is the owner of an undivided one-half interest in certain premises, by virtue of a deed from the bailiff of the municipal court. The sworn answer of defendant Gust Cartenos charged that the deed under which plaintiff claimed title was issued as a result of an execution levied upon a joint judgment entered in the municipal court against defendant and his wife, Lillian Cartenos; that Lillian Cartenos had been dead more than eleven years before the commencement of the municipal court action; that the judgment and levy of execution were therefore null and void, and that no right, title, or interest in the property vested in the plaintiff by

virtue of the bailiff's deed. A certified copy of the certificate of the death of Lillian Cartenos was attached to the answer. By his counterclaim, defendant Gust Cartenos asked that the deed be declared void and removed as a cloud upon his title. A transcript of the municipal court proceedings was attached to the counterclaim.

One day following the filing of his answer, defendant filed a motion for involuntary dismissal. This motion was supported by his affidavit, a transcript of the municipal court proceedings, and a certificate of the death of Lillian Cartenos. On the same day he filed a separate motion to strike certain paragraphs of the complaint, to dismiss Molner as plaintiff, and to substitute Cartenos as plaintiff in the place of Molner. This motion attacked the validity of the bailiff's deed and the judgment on which it was based. The plaintiff thereafter filed a reply to the answer and an answer to the counterclaim, in which he alleged that he had no information or knowledge concerning the death of Lillian Cartenos, that the return of the bailiff of the municipal court in the former action reveals that a summons was properly served upon her, that defendant was guilty of *laches* in not bringing to the attention of the municipal court his knowledge concerning the judgment, and that defendant is bound by the municipal court judgment. Plaintiff also filed a counteraffidavit and certain suggestions in opposition to the motion of defendant, in which he set forth substantially the same matters contained in his reply.

On July 3, 1952, after these pleadings and motions had been filed, the court conducted a hearing "upon the written motion of Gust Cartenos * * * to have the Court pass upon the validity of the deed of conveyance issued by the Bailiff of the Municipal Court of Chicago to plaintiff * * *" and then entered the disputed order. That order recites that it was entered upon a consideration of the sworn pleadings and exhibits, and after hearing "the statements, admissions, and arguments" of counsel. It finds

that Lillian Cartenos died more than eleven years prior to the commencement of the municipal court proceeding upon which plaintiff's deed is based; that the municipal court judgment is void as to Lillian Cartenos, and since it is a joint judgment, is void also as to Gust Cartenos. It orders the deed set aside as a cloud upon defendant's title, and dismisses the complaint for want of equity.

Plaintiff argues the case as though the order appealed from reflects the court's disposition of the motion for involuntary dismissal under section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1951, chap. 110, par. 172.) From the record, however, it appears that no action was ever taken with respect to the motion under section 48, which seems to have been abandoned.

Plaintiff's position is that the pleadings produced issues of fact, and that the court was therefore without authority to dispose of the case without a trial. Authorities to that effect are cited. The motion for involuntary dismissal under section 48 was abandoned, apparently because such a motion was determined to be unavailable on the facts of this case. The limited scope of summary judgment (Ill. Rev. Stat. 1951, chap. 110, par. 181,) does not extend to the type of action here involved. Since these devices for probing beneath the surface of the pleadings to determine the actual existence of a disputed question of fact are not available, normal procedure would unquestionably call for a disposition of the disputed issue by a trial.

Although ordinarily a trial would be required in these circumstances, the order appealed from recites that it was made upon "the statements, admissions and arguments of respective counsel * * *." The order then goes on to make specific findings of fact concerning the date of death of Lillian Cartenos. While it thus appears that the findings of the trial court were based upon admissions of counsel, the scope and the exact form of the admissions do not appear.

Plaintiff urges that the judgment must fall because the defendant has failed to bring before the court a report of proceedings showing that admissions were made which justified the order which was entered. He relies upon the following statement from *Gengler* v. *Hooper,* 324 Ill. 47: "In chancery, it is incumbent upon the party in whose favor a decree granting relief is entered, to preserve in the record the evidence justifying the decree. The general finding that all the material allegations in the bill are proved and that the equities of the case are with the complainant will not sustain a decree granting relief where there is no finding of specific facts and the evidence is not preserved in the record by a certificate of evidence, the report of a master in chancery findings the facts, or the verdict of a jury." The doctrine upon which plaintiff relies, however, if at all applicable here in view of the specific findings made in this case, has been eliminated by section 64 of the Civil Practice Act, which provides: "(3) No special findings of fact or certificate of evidence shall be necessary in any case in equity to support the decree." Ill. Rev. Stat. 1951, chap. 110, par. 188.

A decree is to be presumed correct, and one who seeks to reverse it carries the burden of showing that it is erroneous. To sustain the plaintiff's contention on the record in this case would be tantamount to holding that under no circumstances may a trial court dispose of contested issues of fact upon the admissions of the parties without a trial. That we decline to do. The factual issue in this case was simple, and readily susceptible of resolution by admission. Once it was admitted, there was nothing to try.

The proceedings in this case have been rather eccentric throughout. The motion upon which the case was disposed of was irregular. It is impossible to determine from the abstract exactly what issues were disputed, because the complaint is abstracted in narrative form, without reference to paragraphs, whereas the denials in the answer refer

to numbered paragraphs of the complaint. Because the only factual dispute which the plaintiff mentions in his briefs relates to the date of the death of Lillian Cartenos, we have assumed that this was the only disputed issue of fact. More important, the abstract omits the word "admissions" from the introductory portion of the order appealed from, although the body of that order is set forth *in haec verba*. Plaintiff has argued the case as if it had been disposed of under section 48, although the order appealed from makes it clear that this is not the case.

The question here, however, is not the meticulous regularity of the proceedings, but whether or not prejudicial error occurred. Upon the record before us prejudicial error does not appear.

The order of the superior court is therefore affirmed.

*Order affirmed.*