# CATLIN PRESTON

*v.*

# JOSEPH M. WILLIAMS *et al.*

1. MISTAKE—*reforming voluntary conveyance.* The general rule is, that a court of equity will refuse its aid to decree a specific performance, or rectify a mistake in a contract that is voluntary and without any consideration to support it.

2. SAME—*reformation as against subsequent purchaser.* It is sufficient to authorize the reformation of a deed for a mistake as against a subsequent grantee, that he had notice of the first deed, and the fact that, by a mistake, it failed properly to describe the land will not aid such subsequent purchaser, and he will not be allowed to profit by the mistake.

3. CONVEYANCE—*consideration.* A conveyance of land, made in full payment and discharge of alimony, decreed to be paid by the grantor,

though made to the children of the grantor and his former wife, who was entitled to the alimony, is not a voluntary conveyance, but is founded upon a legal and binding consideration.

APPEAL from the Circuit Court of Clark county.

Messrs. WILKIN & WILKIN, for the appellant.

Mr. S. S. WHITEHEAD, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought for the purpose of correcting a mistake in the description of certain premises conveyed by Peter G. Cooper to Melissa, Elizabeth and Charles W. Cooper, by deed bearing date May 9, 1864.

A hearing of the cause was had, upon proofs, and a decree rendered as prayed for in the bill, to reverse which this appeal was taken.

It is claimed by appellant, that the deed under which appellees claim is a voluntary conveyance, made without consideration, and that a court of equity will neither lend its aid to enforce the specific execution of voluntary contracts, nor will it decree the correction of a mistake in a deed without consideration.

The general rule, no doubt, is, that the specific execution of a contract will not be decreed in a court of equity, unless the contract is based on a fair and valuable consideration. *Webb* v. *Alton Marine and Fire Insurance Co.* 5 Gilm. 223; 2 Story's Eq. Jur. sec. 793.

Upon the same principle, it may be said that a court of equity might refuse its aid to rectify a mistake in a contract that is voluntary and without any consideration to support it, when a bill is brought against the party who executed the instrument.

But the important inquiry here is, whether the deed in question was without consideration, and whether the grantees therein were mere volunteers.

Upon an examination of the evidence upon which the court decreed the relief prayed for in the bill, it appears that in

March, 1863, Martha Cooper, the wife of the grantor in the deed, obtained a decree dissolving the marriage contract existing between them. The care and custody of their three children, who are the grantees in the deed, were decreed to the said Martha Cooper. She also obtained a decree that Peter G. Cooper should pay her, as alimony, $50 on the first Monday of April, 1863, and $50 at the expiration of every six months during her natural life; and for the security of the payment of the alimony, the same was decreed to be a lien upon the real estate of Peter G. Cooper.

Upon the back of the decree is a receipt signed by Martha Cooper, dated May 10, 1864, in which she acknowledges the payment of $900 by Peter G. Cooper, in full payment and discharge of all money due and to become due on the decree. The proof shows this payment was made by the execution and delivery of the deed in question. Indeed, the deed, upon its face, shows the consideration upon which the lands were conveyed. It is as follows:

" I, Peter G. Cooper, in consideration of $900, paid by Martha Ann Slater, legal guardian of Melissa, Elizabeth and Charles W. Cooper, minor heirs of the said Martha Ann Slater, the receipt of which is hereby acknowledged, do hereby demise, release and forever quitclaim unto the said Melissa, Elizabeth and Charles W. Cooper, their heirs and assigns, the following lands," etc.

The consideration of the deed is not controverted or denied, but, on the other hand, it is expressly admitted by the answer.

It is true, the consideration did not move from the grantees in the deed, yet that does not change the fact that the conveyance was made upon a legal and valuable consideration. Can the deed, then, be said to be without consideration and voluntary, when there was, in fact, a consideration paid? Suppose the lands had been conveyed to Martha Ann Cooper, in satisfaction of the amount due and to become due on the decree, it could not be denied that the conveyance was made upon a legal and binding consideration.

Martha Ann Cooper was the mother of the grantees in the

deed. They were minors. She was entrusted by decree of court with their custody, and was bound to provide them with means of support. She had the undoubted right to purchase for them, and in their names, real estate which, when conveyed to them, they could hold as against her, the grantor in the deed and all others, unless she had creditors, who might impeach the transaction for fraud. The right of a parent to make a settlement of property on a child can not be doubted.

When, therefore, Martha Ann Cooper purchased the lands of her former husband, in satisfaction of the decree she held for alimony, which was a lien upon the lands, she had the right to have the conveyance made to herself, to her minor children or to a stranger, and, after a conveyance was made, neither the grantor, nor any person claiming under him, through a subsequent deed, could question the transaction.

The payment of $900 to Peter Cooper was the consideration for the execution and delivery of the deed. The lands were not conveyed as a gift from the father to his children, but, on the other hand, the transaction was a purchase, where the full value of the property was paid to the grantor; he having sold and conveyed for a full consideration, was in no position himself to dispute the validity of the conveyance.

Nor is appellant in any better position. He was notified, before he acquired a deed of Cooper, that the lands had been previously conveyed to appellees; he was in no sense an innocent purchaser, but, on the other hand, had notice that Cooper had parted with the title upon a sufficient consideration.

The fact that Cooper, in the deed made to appellees, had made a mistake and failed to properly describe the lands sold, would not help appellant. It was enough that he had notice of a prior conveyance; however defective it might be, a court of equity would not permit him to profit by the mistake.

The deed the bill was filed to correct can not be regarded as a voluntary conveyance, but it was executed upon an adequate consideration.

Were appellees mere volunteers? While the alimony named

in the decree, which was the consideration for the conveyance, was awarded to Mrs. Cooper, yet it was given not only for her support, but also for the benefit of appellees, to assist in their maintenance.

The amount was, no doubt, fixed in view of the fact that the care and custody of appellees was given to Mrs. Cooper. They, therefore, had a direct interest in the money which was the consideration for the conveyance, and can not be regarded as volunteers.

The authorities cited by appellant, to sustain the position that courts of equity will not lend their aid to reform a voluntary conveyance, have no application to the facts of this case.

We are of opinion that the decree of the circuit court was fully justified by the facts presented by the record, and it will be affirmed.

*Decree affirmed.*

Mr. JUSTICE SCHOLFIELD took no part in the decision of this case.