WILLIAM MASON *et al.*

*v.*

MICHAEL MULLAHY.

*Filed at. Ottawa, May 9, 1893.*

1. PURCHASER—*whether in good faith.* Where a party procures the execution of a deed to him for land previously attempted to be conveyed to another person, by fraud and misrepresentation, and without paying any consideration, and he, for a mere nominal consideration, conveys to his sister, neither of them can claim to be a purchaser in good faith as against the equities of the prior purchaser.

2. NOTICE—*of constructive notice of title.* Where land is by mistake misdescribed in a deed of conveyance, and another takes a deed properly describing the land, it will not be necessary to bind him by the equities of the prior purchaser, that he shall have actual notice thereof. If he has knowledge of such facts, as ought to put a prudent man on inquiry as to the title, he will be chargeable with notice of all facts pertaining thereto, to which diligent inquiry and investigation would have led him.

3. It is a familiar principle of equity jurisprudence, that if one obtains a conveyance of property with notice of an equity in relation thereto, binding upon his grantor, he will also be bound. Only. innocent purchasers, without notice of a mistake in a deed to another, can be heard to object to its correction.

4. SAME—*possession of land as notice of title.* Where a party from the date of his deed, which by mistake did not properly locate the land, which was woodland, cut timber therefrom, and paid all taxes assessed against it, so as to apprise adjoining owners of land of his claim: *Held,* that this possession was sufficient to charge all persons dealing in respect to the land with notice of his equitable title.

5. SAME—*possession, how evidenced—notice of rights.* The possession of land is sufficient to charge all others with notice of the rights, legal or equitable, of the possessor. But to constitute such possession, notice as against a *bona fide* purchaser, the possession must be open, visible and exclusive. Such possession may be evidenced by any acts which clearly show an appropriation of the property to the use of the person claiming the same.

6. CHANCERY—*correcting mistake in a deed.* Where the owners of land conveyed a part of the same to one of their number by way of partition, but by mistake the land was described as being on a quarter section to which they never had any claim of title, as between the parties to the deed, a court of equity will reform the deed so as to describe the land correctly.

WRIT OF ERROR to the Circuit Court of Henderson County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. KIRKPATRICK & ALEXANDER, for the plaintiffs in error:

A mistake, whether arising upon a written or a verbal contract, will not be corrected against an innocent third person, who has acquired a title or a right in reliance upon the outward aspect of the contract, such right or title arising out of the same, as though there was no mistake. 1 Story's Eq. Jur., sec. 140, and note; *Grundies* v. *Reid,* 107 Ill. 304.

A purchaser of land has the right to act upon the faith of the public records. *Manly* v. *Potter,* 38 Ill. 129.

To be effectual as notice, possession must be sufficiently distinct and unequivocal to put a purchaser on his guard. *Boyce* v. *Williams,* 48 Ill. 371. It must be open, visible, exclusive and unambiguous, not liable to be misunderstood or misconstrued. *Ely* v. *Wilcox,* 20 Wis. 530; *Patton* v. *Moore,* 32 N. H. 384. A mixed or ambiguous possession does not meet the requirements of this sale. *Bell* v. *Twilight,* 2 Foster, 500; *Bush* v. *Golden,* 17 Conn. 594; *Truesdale* v. *Ford,* 37 Ill. 210; *Rupert* v. *Mack,* 15 id. 542.

The mere fact that a purchaser of land has knowledge that another person holds a prior deed for the same premises, will not put him on inquiry as to what title the grantor of the prior purchaser may have had. The subsequent purchaser has a right to presume, in the absence of any other information, that whatever title the prior purchaser has is on record, as the law requires it to be, and that he has no title if the record shows none. *St. John* v. *Conger,* 40 Ill. 535; *Chicago* v. *Witt,* 75 id. 211.

Messrs. PEPPER & SCOTT, for the defendant in error:

Under the undisputed facts, the deed to James L. Junkin and wife, the deed to Herbert J. Elrick, and the deed to Michael Mullahy, containing, as each of them did, the de-

fective description set forth above, were notice to all the world, and especially to William T. Mason, of the equities which Mullahy had in this land, and of the fact that he was the owner thereof. It was so decreed in the Circuit Court, and in support of this view we cite: Wade on Law of Notice, sec. 185; *Erickson* v. *Rafferty,* 79 Ill. 209; *Merrick* v. *Wallace,* 19 id. 486–498; *Bent* v. *Coleman,* 89 id. 364; *Citizens Nat. Bank* v. *Dayton,* 116 id. 257–264; *Citizens Nat. Bank* v. *Dayton,* 11 App. 501; *Hoopeston Building Ass'n* v. *Green,* 16 id. 204.

The facts and circumstances were sufficient to put the plaintiff in error on inquiry. The law does not permit him to shut his eyes against those lights which, with proper observation, would have led him to knowledge. The law will not allow him to refuse to see, when his ignorance is to benefit himself at the expense of another, when his observation would have been acute, had the consequence of his ignorance been detrimental to himself. *C., R. I. & P. R. R. Co.* v. *Kennedy,* 70 Ill. 350–361; *Morrison* v. *Kelly,* 22 id. 610–624.

Mr. Justice Wilkin delivered the opinion of the Court:

Prior to the 9th of March, 1880, James L. Junkin and three other parties owned, as tenants in common, the west sixty acres of the S. E. quarter of Sec. 23, T. 12 N., R. 4 W., in Henderson county, this State. By mutual agreement, about that date partition was made of said real estate, the south fifteen acres thereof [designated as lot one] being set off to said James L. Junkin, and a quit-claim deed by the other parties executed and delivered to him, which was intended to convey said lot one, but by mistake in the description a like number of acres was conveyed in the southwest quarter of said section.

On the 24th of April, 1882, said Junkin executed and delivered to one Herbert J. Elrick, and he, January 16, 1886,

to this defendant in error, deeds of conveyance, also intended to convey lot one; but the mistake in the deed first mentioned was continued in each of said last mentioned conveyances.

On the 25th of January, 1887, one Charles Eckley obtained from said James L. Junkin, and the other tenants in common with him, or a part of them, a quit-claim deed to said lot one, by correct description, and on the 21st of the following month conveyed the same to his sister, Sarah Eckley, who, on the 25th of the following May, deeded it to the plaintiff in error, William T. Mason. To the August term of the Circuit Court of Henderson county defendant in error filed his bill against plaintiff in error and others, to correct said mistake in his deed, and those through which he claims title, and to set aside said adverse conveyances. On the hearing the Circuit Court entered a decree according to the prayer of the bill, from which this appeal is prosecuted. The only substantial ground of reversal urged is that the evidence fails to support the decree. That the deeds to James L. Junkin from him to Elrick, and from the latter to defendant in error, were each intended to convey the fifteen acres in the S. E. quarter, and that none of the grantors therein named owned, or ever claimed to own, any lands whatever in the S. W. quarter, is established beyond all controversy.

As between the parties to those conveyances, a court of equity would, on the evidence in this record, unhesitatingly correct the mistake in these deeds and make them conform to the intention of the parties. *Lindsay* v. *Davenport*, 18 Ill. 381; *Mills et al.* v. *Lockwood*, 42 id. 111.

The only question, then, which can be seriously entertained in the decision of this case is, can that relief be properly decreed against plaintiff in error, a subsequent purchaser? It is a familiar principle of equity jurisprudence, that if one obtains a conveyance of property, with notice of an equity in relation thereto binding upon his

grantor, he will also be bound.   Only innocent purchasers, without notice of a mistake, can be heard to object to its correction.  ·*Preston* v. *Williams et al.,* 81 Ill. 176.   Nor is it necessary to bind him that such notice be actual.   If he has knowledge of such facts as ought to put a prudent man upon inquiry as to the title, he is chargeable with notice of all facts pertaining thereto to which diligent inquiry and investigation would have led him.   *Merrick* v. *Wallace,* 19 Ill. 486; *Erickson* v. *Rafferty,* 79 id. 209; *Bent* v. *Coleman,* 89 id. 364; *Citizens National Bank* v. *Dayton,* 116 id. 257.

It is not pretended, as it certainly could not be with seriousness, that upon the evidence in this record Charles Eckley is to be treated as a *bona fide* purchaser of said land without reference to his knowledge of the equities of defendant in error.

He obtained his deed without consideration by false and fraudulent representations.   Neither can it be said that his sister was a purchaser from him in good faith.   The consideration in his deed to her is but fifty dollars, although it conveyed, in addition to this fifteen acres, another tract of four and one-half acres, while all the evidence tends to show that the fifteen acres alone were worth three times that amount.

Plaintiff in error admits that before the conveyance to him he saw the deeds to Charles and Sarah Eckley, the first naming only a consideration of one dollar and the latter fifty dollars.   Two witnesses testified upon the hearing that they told him before he bought the land that defendant in error owned it.   Defendant in error swore that some two months prior to the date of Mason's deed the latter proposed to purchase the land of him, and this testimony is corroborated by that of a disinterested witness.

Plaintiff in error contradicts all these witnesses, and swears positively that he had no notice whatever of defendant in error's claim to said land when he purchased it from

Sarah Eckley; but the chancellor was certainly justifiable, from all the testimony, in disbelieving him and giving credence to the testimony of other witnesses.   We think the clear preponderance of the testimony is that plaintiff in error was not an innocent purchaser, without notice of the rights of defendant in error, but had both actual and constructive notice of the same.

That possession of land is sufficient to charge all others with notice of the rights, legal or equitable, of the possessor, is too well settled to call for the citation of authorities.

The rule has been many times applied by this court and others to cases of this kind.   It is true, that to constitute such notice as against a *bona fide* purchaser, the possession must be open, visible and exclusive; but it may be evidenced by any acts which clearly show an appropriation of the property to the use of the person claiming the same.

The lot in question is wood land, and there is no conflict in the testimony as to the fact that both defendant in error and Elrick, from the time they obtained their respective deeds, cut timber therefrom and paid all taxes assessed against it.   Their acts of ownership seem to have been sufficient to apprise the neighbors, and adjoining owners generally, that they claimed to own it, and it is manifest, if plaintiff in error did not also know that fact, it was because he preferred to remain ignorant when the law made it his duty to seek information.

We think the decree of the Circut Court in this case is eminently just and proper, and it will be affirmed.

*Decree affirmed.*