(No. 14494.—Decree affirmed.)

CLARA E. SKELLY *et al.* Appellees, *vs.* NICHOLAS ERSCH *et al.* Appellants.

*Opinion filed October 21, 1922—Rehearing denied Dec. 7, 1922.*

1. DEEDS—*when equity will reform deed on ground of mistake.* Equity will reform a deed or other instrument of writing upon the ground of mistake where the mistake was one of fact and not of law, the proof clearly and convincingly shows that a mistake was made, and that it was mutual and common to both parties to the instrument.

2. SAME—*when subsequent purchaser is charged with notice of mistake in deed to his grantor.* Equity will not, at the suit of the grantor, reform a deed on the ground of mistake where the subsequent purchaser from the grantee had no notice of the mistake; but this rule does not require that the purchaser have actual notice, provided he has knowledge of such facts as would put a prudent man on inquiry as to the title, such as possession and cultivation by the grantor of the portion of the land erroneously included in the conveyance.

3. SAME—*negligence must be gross to estop reformation of a deed.* Negligence of the grantor, in order to bar reformation of a deed in case of a mutual mistake as to the land conveyed, must be so gross as to amount to violation of a positive legal duty, and the parties against whom the reformation is sought to be enforced, whether the grantee or a subsequent purchaser, must have suffered a loss because of the delay in seeking to reform the deed.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

DELAVAN B. COLE, for appellants.

IRVING SHUTTS, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees, Clara E. and William H. Skelly, filed their bill to reform a certain deed executed and delivered by them to appellant Nicholas Ersch, conveying a tract of land in the southeast quarter of section 13, in township 32, near the village of Custer Park, in Will county. The deed sought to be reformed recited that it conveyed "that part of the north fractional half of the southeast fractional quarter of section 13 which lies west of the Kankakee river and east of the highway known as the river road, * * * containing 12 acres, more or less, together with all improvements thereon." This deed was executed on March 8, 1920, and recited that it was given for the purpose of correcting an error in the description in a deed from the same grantors to the same grantee, dated December 28, 1918. The latter deed, which was the first deed received by Ersch, recited that it conveyed "12 acres of land, more or less, from portion of land adjoining what is known as Thomas Trainer farm, and described as that portion of the north fractional quarter of section 13 lying west of the Kankakee river and east of the highway known as river road," etc. The land which the first deed purported to convey was not owned by appellees. The land which the second deed actually did

convey was not 12 acres, more or less, but amounted to 25.79 acres. Prior to the making of the deed of December 28, 1918, appellees had contracted with one VanDrasek for a sale to him of the north 5 acres of the 12-acre tract included in the first conveyance to Ersch. VanDrasek assigned his contract to Ersch, and Ersch by his contract with appellees was to purchase 5 acres, more or less, adjoining the VanDrasek land on the south. The first deed was intended to convey to Ersch the lands contracted for by him and also the land included in VanDrasek contract. Subsequent to the making of the contract with Ersch for the 5 acres, more or less, and prior to the execution of the first deed, appellees on October 18, 1918, had the tract which was supposed to contain 12 acres surveyed by the county surveyor. A computation of the acreage surveyed showed 12.05 acres. In order that a clearer understanding may be had of the description of this land and the survey the following plat is inserted:

It will be noted that the north 5 acres surveyed lie along the east side of the road and extend to the edge of the river. The south 7.05-acre tract as surveyed lies along the east side of the road and is of a width of 442 feet at the north end and 480 feet at the south. The east boundary is marked by an irregular line. The plat shows a certain meander line extending along the west side of the Kankakee river, which, however, is of no importance in this lawsuit.

The second deed of appellees purports to convey the land in the quarter section lying between the highway and the river, and appellees by their bill allege that it was not the intention of the parties that more than 12.05 acres should be conveyed, and that the land lying south and east of the 7.05-acre tract and west of the edge of the river, amounting to 13.74 acres, as shown by the plat, was not intended to be conveyed but was included in the deed by mistake. Appellees set up in their bill that neither Ersch, nor appellants Ada M. and Ernest E. Cole, to whom Ersch conveyed by a deed similar to the one given to him, ever attempted to take possession of the 13.74 acres, or any other land than that included within the survey showing 12.05 acres, but that the appellees continued in possession thereof and farmed the same or rented it to tenants.

The issues of fact being made up, the cause was heard by the chancellor in open court and a decree entered finding that the equities were with the complainants, and directing that the deed be reformed to cover the 12.05 acres included within the survey, as shown by the plat.

Appellants contend that the decree is not supported by the evidence; that if there was a mistake it was due to appellees' own negligence, and that they are now estopped to assert this claim. Both Skelly and Ersch testified that on December 28, 1918, when the first deed was issued to Ersch, the appellees gave Ersch a copy of the plat showing the survey of the 12.05 acres sold to him. The testimony of Skelly and Zarley, the county surveyor, tends to show that at the

time of the survey stakes were set along the east boundary of the 7.05-acre tract. Ersch says there were no such stakes. Ersch admitted in his testimony that the 13.74-acre tract at all times remained in the possession of Skelly, and that such possession was never disputed either by Ersch or by his grantees, the Coles, until the time of the bringing of this suit. Appellees' evidence is that at times Skelly paid the taxes on the entire tract, and when he did so appellants paid him that portion of the taxes represented by 12 acres; also that Ersch had stated in a letter to the witness Wetzel that he had purchased 12.1 acres from Skelly. Ersch admitted that the survey had been made to find out how much land Skelly was selling him, and that that amount was to be covered by the deed. Ersch also testified that he knew that Skelly kept possession of the bottom lands; that Skelly said those lands were worth $200 per acre but were not for sale. The second deed, which purports to cover the entire 25.79 acres, was given to correct the first deed, which did not apply to the land which the appellees owned. The first deed stated, as we have seen, that it was for 12 acres of the tract lying between the river and the road, while the second deed purported to cover the entire tract. It appears that the Skellys are not familiar with conveyancing, but depended upon the scrivener who wrote the deed to make the proper conveyance thereof.

A court of equity will reform a deed or other instrument of writing upon the ground of mistake provided the following is shown by the evidence: First, that the mistake was one of fact and not of law; second, that the proof clearly and convincingly showed that a mistake was made; and third, that the mistake was mutual and common to both parties to the instrument. (*Kelly* v. *Galbraith,* 186 Ill. 593; *Purvines* v. *Harrison,* 151 id. 219.) The mistake in this case, if there was a mistake, was one of fact. Appellants contend, however, that there was no mistake made; that the deed conveyed what the parties contracted for. It is ad-

mitted by Ersch, however, that he bought 12 acres of land. He states in his testimony that he did not want the deed to cover more land than he bought. The proof shows the land was sold to him at $100 per acre, that he paid $1200 for the tract, and that he got a copy of the survey with his first deed. It seems quite evident, therefore, that at the time the first deed was made it was not supposed by either party that it conveyed more than 12.05 acres. This conclusion is very materially strengthened by the fact that appellees retained possession of the balance of the land and tilled it, while possession of the 12.05 acres was given to Ersch at the time of the making of the contract. It appears to us quite clearly, therefore, that there was a mutual mistake of fact at the time of the execution of the first deed. It is admitted by both sides in their testimony that the only purpose of the second deed, or thought given to it, was to correct the description of the land so far as the government survey was concerned. We are of the opinion that the chancellor was justified in finding that there was a mutual mistake of fact.

Appellants Ada and Ernest Cole contend that, regardless of whether or not that be true as against Ersch, they purchased the land of Ersch without notice of such mistake, and that appellees are not entitled to the relief prayed in the absence of showing that they (the Coles) had notice of such mistake. Appellees filed a bill to reform the deed they had given Ersch. Ada and Ernest Cole were made parties because of an interest they had as grantees of Ersch. There was no privity of contract existing between appellees and the Coles. Equity will reform a deed against a subsequent purchaser unless he is an innocent purchaser without notice of the mistake. The rule does not require that he have actual notice. If he has knowledge of such facts as ought to put a prudent man on inquiry as to the title, he is chargeable with notice of all facts to which diligent inquiry and investigation would have led him. (*Mason* v. *Mullahy*,

145 Ill. 383.) Ada Cole testified that she stated at the time she purchased the tract from Ersch that she wanted it because it had a river front, and that she had no notice that the land did not extend to the river. While it is not shown that the Coles had seen the plat of the survey, it does appear that at the time of the purchase of the 12.05 acres by them the appellees were in possession of the 13.74 acres and had corn growing thereon. Ada Cole, who is a sister of Mrs. Skelly, was raised in the neighborhood and was familiar with the land. Appellees' testimony is that when shown the land and house she was told the tract contained 12 acres. Her deed also called for 12 acres, more or less. We are of the opinion that there was sufficient evidence of appellees' claim to put her on inquiry.

Appellants also contend that the appellees are estopped in this case to set up a mistake of fact because of negligence on their part in making this deed and in permitting the mistake to occur, if there was a mistake, and the argument is that since the Skellys had a copy of the survey which they had had made, showing the actual description of the land they were to convey, it was negligence on their part to fail to see that it was put into the deed,—if not in the first one at least in the second one. Appellees reply that they depended on the scrivener to prepare the first deed and to rectify the error by the second deed, and had no notice or intimation that appellants would claim the tract to the river; that they discovered, on attempting to mortgage the 13.74 acre tract, that it was apparently included in the conveyance to Ersch, and so brought this bill.

The rule is, that negligence, to bar the reformation of a deed in case of mutual mistake, must be so gross as to amount to violation of a positive legal duty. Estoppel does not arise where the act of the party sought to be estopped was due to ignorance by reason of an innocent mistake. (*Joos* v. *Illinois National Guard,* 257 Ill. 138; *Wright* v.

*Stice,* 173 id. 571; *Purvines* v. *Harrison, supra; Deischer* v. *Price,* 148 Ill. 383; *Tillotson* v. *Mitchell,* 111 id. 518.) It is also a necessary element of estoppel that the party relying upon the representations made was misled to his injury and suffered loss of a substantial character or has been induced to alter his position for a worse in some material respect. (*North Avenue Building Ass'n* v. *Huber,* 286 Ill. 375; *Sutter* v. *People's Gas Light Co.* 284 id. 634; *Penn Mutual Life Ins. Co.* v. *Heiss,* 141 id. 35; *Union Mutual Life Ins. Co.* v. *Slee,* 123 id. 57.) In this case Ersch paid $1200 for 12 acres, more or less, built a bungalow thereon costing him about $3000, and sold the 12 acres, with the bungalow, for $4200. No attempt was ever made by appellants to take possession of the 13.74-acre tract, nor were any improvements placed thereon and no taxes were ever paid by them on this land. We are unable to see wherein the mistake occurring in the language of the deed has resulted in damage to Ersch. He contends, however, that since he made a deed to the Coles of the same character as his deed, he is apt to be subjected to loss by an expensive suit by them. No such suit has been started, nor could the cost of such suit, if it did occur, be chargeable to the acts or representations of the appellees herein. Nor have the Coles been damaged. They paid $4200 for the 12.05 acres and the house thereon. The evidence shows that this property is worth over $6000.

We are of the opinion that the circuit court did not err in granting the relief prayed in the bill and in reforming the deed in accordance therewith. The decree of the circuit court is therefore affirmed.

*Decree affirmed.*