(No. 19359.—)
ALBERT H. SCHAEFER, Plaintiff in Error, *vs.* FRED F. HENZE, Defendant in Error.

*Opinion filed October 19, 1929—Rehearing denied Dec. 7, 1929.*

D. H. Mudge, for plaintiff in error.

Terry, Gueltig & Powell, for defendant in error.

Mr. Justice DeYoung delivered the opinion of the court:

Albert H. Schaefer filed a bill against Fred F. Henze in the circuit court of Madison county for the reformation or cancellation of a deed and for an injunction to restrain the transfer of the land conveyed. The defendant's answer denied the material allegations of the bill. A replication was filed and the cause was referred to a master in chancery to hear the evidence and report his conclusions. He recommended the dismissal of the bill for want of equity. Exceptions to his report were overruled and a decree in conformity with his recommendation was rendered. To review that decree the complainant prosecutes this writ of error.

Both Albert H. Schaefer, the plaintiff in error, and Fred F. Henze, the defendant in error, reside in the village of Marine, in Madison county. Block 8 in that village consists of twelve lots, each fifty feet wide by one hundred feet deep. Lots 1 to 6, inclusive, numbered from north to south, face east, and lots 7 to 12, inclusive, numbered from south to north, face west. There is no alley in the block. Lot 4, improved, by a six-room house, was acquired by the plaintiff in error in 1917 and is occupied by a tenant. A wire fence runs from east to west about five feet south of and parallel to the line between lots 4 and 5. Lot 7, also improved by a house, formerly constituted the homestead of Henry A. Hoyer, but after his death E. M. Hoyer, one of his heirs, occupied it.

On January 21, 1922, Henze, the defendant in error, entered into a written agreement, prepared by himself, with

E. M. Hoyer for the purchase of lots 5, 6, 7, 8 and the south half of lot 9, in block 8, with the house and other buildings thereon. The price was fixed at $2700. Hoyer assumed the payment of the taxes for the years 1921 and 1922, and he agreed to continue to live in the house until he had built another one. The time required for that purpose was estimated at three or four months and the rental was fixed at $10 per month. Henze paid $400 on account of the purchase price, and the balance was to be paid upon the delivery of the deed. Hoyer drew a deed dated January 25, 1922, from the heirs of Henry A. Hoyer and their respective wives, conveying to Henze the four and one-half lots described in the agreement. When the deed was submitted to Henze he objected to it because it failed to convey the south twenty feet of lot 4, which he claimed he was to receive. Shortly thereafter, on February 7, 1922, a warranty deed conveying that parcel to Henze was obtained from Schaefer and his wife. Both deeds were then delivered to Henze, the grantee. He immediately took possession of the four and one-half lots conveyed to him by the heirs. He did not, however, assert ownership or seek possession of the parcel conveyed by Schaefer and his wife until about eleven months after their deed had been delivered, when he made a written demand upon the tenant for a portion of the rent.

The evidence concerning the purpose of the conveyance by Schaefer and his wife to Henze is conflicting. The deed recited a consideration of one dollar, and following the legal description appeared the words, "This is to correct an error." The parcel conveyed included substantially the south half of Schaefer's house. Schaefer testified that Henze and Hoyer requested him to convey twenty feet south of lot 4, which they represented lay wholly south of the fence which ran east and west south of his house and which purported to be the boundary between lots 4 and 5; that he did not live on lot 4 and was not familiar with its bound-

ary lines; that he understood they wanted a conveyance from him of land south of his own in order to correct an error in its description; that he executed the deed as an accommodation to Henze and Hoyer and that he received no consideration for it.

E. M. Hoyer testified that he showed Henze the land he proposed to sell and informed him that it would extend from the fence south to the street; that he believed that by reason of an error in description Schaefer had title to a twenty-foot parcel which he did not own and that it was south of the fence; that he neither understood nor intended that the land Schaefer conveyed would extend north of the fence or take part of his house or yard; that afterwards, when Henze was in possession of the lots purchased from the heirs, he recognized, in planting his garden, the fence as his north boundary; that in December, 1922, Henze had his lots surveyed and inquired of the witness whether he knew he had made a mistake; that the witness answered he had just ascertained the fact but that it could easily be corrected by a re-conveyance, because he, Henze, had purchased only to the fence, which was his north line, and that Henze replied since he had the deed no jury would decide against him.

Edward Neudecker, Schaefer's tenant, testified that Henze told him in March or April, 1922, that so far as his east frontage was concerned his land extended south from the fence south of Schaefer's house to the street below; that Henze took possession and planted his garden with reference to this boundary; that he did not claim any land north of the fence until December 19, 1922, when he served a notice upon the witness claiming ownership of the south twenty feet of lot 4 and demanding payment to him of $2.40 per month, beginning on January 1, 1923, as his share of the rent. Abbie Neudecker, the wife of the tenant, corroborated her husband's testimony concerning the north boundary of Henze's property, the planting of his garden

with respect to that boundary and his omission to occupy any land north of the fence.

Henze, the defendant in error, testified that he intended to purchase the number of feet of frontage actually included in the two deeds delivered to him, regardless of the location of the boundary lines; that Hoyer never indicated the fence purporting to separate lots 4 and 5 as the north boundary line of the lots fronting east which he proposed to convey to him; that he, Henze, insisted upon the conveyance of twenty feet in addition to the two lots facing east, and if such conveyance were not made that his deposit on account of the purchase should be returned; that he did not pay the balance of the purchase price until the deed conveying the south twenty feet of lot 4 was delivered to him, and that he had no dealings with Schaefer personally. On cross-examination Henze admitted that he did not intend to purchase any part of Schaefer's house; that he paid him nothing; that he first ascertained in December, 1922, when he caused a survey to be made, that the deed from Schaefer included half of the latter's house; that he claimed no part of Schaefer's property nor did he demand rent therefor until after his land had been surveyed, and that if the deed included the whole property he would demand all the rent although he had paid Schaefer nothing for the deed.

Julia Grotenfendt, Henze's daughter, testified that in May, 1921, she overheard a conversation between her father and Hoyer concerning the east frontage of the land the sale of which was then under consideration; that in the conversation her father expressed a doubt concerning the extent of that frontage, and that Hoyer answered stating that he would receive one hundred twenty feet.

It appears from the evidence that the plaintiff in error did not intend to convey any part of the lot on which his house stood; that he believed a deed was requested to correct the description of a parcel of land lying south of his lot which he did not own, and that, acting under this mis-

apprehension of fact, he executed and delivered the deed in question, without the receipt of any consideration for it, solely as an accommodation to Hoyer and the defendant in error. He contends that a party may have relief in equity from such a mistake of fact in the conveyance of land, either by a reformation or a cancellation of the deed of conveyance.

The defendant in error by the two deeds, one from the heirs of Henry A. Hoyer, deceased, and the other from the plaintiff in error, acquired the title to two and two-fifths lots in block 8, having a total east frontage of one hundred twenty feet. Before making full payment of the purchase price as fixed by his contract with E. M. Hoyer, he demanded, and succeeded in obtaining, not only a conveyance of all the property described in that contract but also a deed from a third party, the plaintiff in error, without consideration, by which he acquired an additional parcel of land. The evidence shows that the defendant in error deliberately exacted one hundred twenty feet of east frontage, and that with respect to the number of feet of such frontage, there was no mistake or misapprehension on his part.

Equity will reform an instrument only where the mistake is mutual and common to both parties. (*Skelly* v. *Ersch*, 305 Ill. 126; *Steinmeyer* v. *Schroeppel*, 226 id. 9; *Sutherland* v. *Sutherland*, 69 id. 481). To invoke the remedy of reformation both parties must have understood the agreement alike and the instrument must fail to express their common understanding and intention. Equity will never reform a contract upon proof of mistake as to its terms or legal effect by one of the parties, only, for to do so would be to commit the injustice of imposing upon the other a contract to which he had never assented. In this case there was no mistake common to both parties with respect to the purpose and effect of the deed, and for that reason it cannot be reformed to express their mutual understanding.

While a mistake of fact on one side will not justify reforming, it may be ground for rescinding, a contract. (*Hearne* v. *New England Mutual Marine Ins. Co.* 20 Wall. 488; *Morgan* v. *Owens*, 228 Ill. 598; *Sutherland* v. *Sutherland, supra*). The jurisdiction of equity to grant the remedy of cancellation for a unilateral mistake of fact is well recognized. Mutual assent is requisite to the creation of a contract, and if there is a mistake of fact by one of the parties which goes to its essence no agreement results. If apparently a valid contract in writing exists but by reason of a mistake of fact by one of the parties, not owing to his negligence, the contract, with respect to its subject matter or terms, differs from what was intended, equity will give to such party a remedy by cancellation where the parties can be placed *in statu quo*. The ground for relief is, that the mistake precluded mutual assent to the terms of the contract, and consequently that it is non-existent. *Steinmeyer* v. *Schroeppel, supra.*

According to the testimony of the plaintiff in error, both Hoyer and the defendant in error requested the conveyance to correct an error in the description of land which they represented he did not own. He relied upon their representations and executed the deed as an accommodation to them. To believe that he would knowingly convey, without consideration, two-fifths of his lot and practically one-half of his house to consummate a transaction in which he was not concerned, taxes human credulity to the extreme. Manifestly he executed the deed under a mistake of fact, and to allow the defendant in error to enforce it against him would be unconscionable.

The defendant in error, however, contends that the cancellation of the deed will subject him to the loss of the purchase price he paid Hoyer for the south twenty feet of lot 4 because that parcel was not conveyed by the heirs of Henry A. Hoyer, deceased, and he cannot for that reason invoke

any covenants of warranty against them. The contract between E. M. Hoyer and the defendant in error, drawn by the latter, provided for the conveyance of only two lots in block 8 facing east, namely, lots numbered 5 and 6. The additional parcel acquired from the plaintiff in error, also facing east, was not included in that contract. The purchase price fixed by the same contract the defendant in error necessarily paid to the heirs of Henry A. Hoyer, deceased, for real estate other than the parcel in question. That parcel was conveyed to the defendant in error without price or consideration. Since the plaintiff in error received nothing for the conveyance he has nothing to restore upon the cancellation of the deed.

The negligence of the plaintiff in error, it is argued, bars his right to equitable relief. It appears that he was not familiar with the boundary lines of his lot, and it can not be presumed that he understood the legal description in the deed he executed. Relying upon the representations of Hoyer and the defendant in error, he delivered the deed believing that it corrected the description of land lying south of his own. A material mistake of fact by one party, in such a situation, cannot be attributed solely to his negligence. To allow the other party, under such circumstances, to retain the benefit resulting from the mistake would be highly inequitable, and relief by cancellation of the instrument will be granted.

The decree of the circuit court is reversed and the cause is remanded to that court, with directions to enter a decree canceling and holding for naught the deed dated February 7, 1922, and executed by the plaintiff in error and his wife as grantors to the defendant in error as grantee.

*Reversed and remanded, with directions.*