The Federal Land Bank of St. Louis, Appellant, v.
Mary Kenshalo et al., Appellees.

1

Heard in this court at the February term, 1930. Opinion filed May, 21, 1930.

THEO. E. KIRCHER, for appellant.

CREIGHTON & THOMAS, for certain appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On July 23, 1922, Benoni Kenshalo applied to appellant for a loan of $7,000 on his farm of 206 acres in Wayne county. He described the land as the north half (N½) of the northeast quarter (NE¼) of section two, township 3 south, range 7 east of the 3rd p. m.; and the south half of the southeast quarter of section 35, township 2 south, range 7 east of the 3rd p. m., and the southwest quarter of the southwest quarter of section 36, township 2 south, range 7 east of the 3rd p. m. containing 206 acres, more or less. In another part of the application he stated that 186 acres were cultivated and that there were 20 acres of timber. In another portion he made this statement:—"Value

of land to be mortgaged, 206 acres, at $70 per acre—$14,420.'' He further stated that for the last crop. season there were 11 acres of corn, 40 acres of oats, 24 acres of cow peas, 22 acres of hay, 20 acres of timber and 89 acres of pasture, making a total of 206 acres. He also stated: ''186 acres are now in cultivation, 206 acres can be profitably cultivated.'' He also stated that he acquired this 206 acres in 1909 from Nancy Murphy.

All of this land lies in one body except that the northeast quarter of section two is separated from the other land by a public highway. This northeast quarter of section two is a fractional quarter containing 86 acres, and was owned by the applicant at the time he applied for the loan aforesaid. When the appraisers went out to appraise the land the applicant was working on the farm and stood on his machine and pointed out the land, telling them that the farm contained 206 acres of land.

It clearly appears that the applicant intended to give appellant a mortgage on the entire farm of 206 acres, but in his application and in the mortgage the land in section two was described as the north half of the northeast quarter, when it should have been described as the northeast quarter of section two in order to comprise the 206 acres of land which the applicant intended to mortgage.

Appellant filed its bill to reform the mortgage in that regard and to foreclose the same. At that time the mortgagor had died and his widow and children and the First National Bank of Fairfield, Illinois, were made defendants. The First National Bank filed an answer denying that a mistake was made in the description of the land mortgaged and averred that no mistake was made and that the lands were correctly described in the mortgage. It also averred that on March 21, 1929, it recovered a judgment in the probate

court of Wayne county in the sum of $2,872.05, which judgment still remains due and unpaid. The court held and decreed that the First National Bank had no notice that appellant had or claimed any interest by reason of its mortgage in any lands of the deceased other than the lands mentioned and described in the mortgage, and that appellant was not entitled to have the mortgage corrected and reformed. The decree awarded foreclosure against the real estate as described in the mortgage, and appellant appealed to this court.

The First National Bank contends that by reason of the fact that the northeast quarter of section two is a fractional quarter containing but 86 acres, the description in the mortgage did not include the south 80 acres thereof. In other words the bank contends that the mortgage, as written, only includes 126 acres instead of 206 acres. The judgment held by the bank is a judgment entered by the probate court for the allowance of the bank's claim against the estate of the mortgagor. The bank contends that because it holds this judgment against the mortgagor, it is protected by section 30 of the Conveyance Act, Cahill's St. ch. 30, ¶ 31, and that the mortgage cannot be reformed as against it. This contention cannot be sustained; *Noe v. Moutray,* 170 Ill. 169.

Even if the First National Bank had procured a judgment against the mortgagor, instead of against his estate, appellant would be entitled to have the mortgage reformed. The equity of a mortgagee in a tract of land intended to be mortgaged to him, but which is misdescribed, is superior to the lien of a general judgment against the mortgagor, rendered before the mistake in the description had been corrected; *Yarnell v. Brown,* 170 Ill. 362. The latest utterance of the Supreme Court is to the effect that the lien of an ordinary judgment is general and extends only to the property right which the debtor owns in the premises,

subject to the equities in it at the time of the judgment. It is limited to the actual interest of the judgment debtor; *Hooper v. Haas,* 332 Ill. 561; *Sturdyvin v. Ward,* 336 Ill. 594.

The First National Bank contends that the mistake in the mortgage is the result of the negligence of appellant and that a court of equity will not relieve appellant from the effect of its own negligence. No such defense was set up in the answer filed by said bank. A defendant cannot avail himself of any matter of defense not stated in his answer, even though it appears in the evidence; *Millard v. Millard,* 221 Ill. 86. We are satisfied, however, that the cases relied upon by the said bank in support of its contention in that regard are not applicable to a case of this kind. Negligence, in order to bar reformation of a deed in case of a mutual mistake as to the land conveyed, must be so gross as to amount to the violation of a positive legal duty, and the parties against whom the reformation is sought to be enforced, must have suffered a loss because of the delay in seeking to reform the deed; *Skelly v. Ersch,* 305 Ill. 126.

It is also contended that appellant was guilty of laches. The original bill filed in this case was an ordinary bill for foreclosure and did not ask for reformation. Shortly after the filing of the original bill appellant obtained leave to file an amended bill. The amended bill sets out that there was a mutual mistake in the description of the land in section two, as hereinabove mentioned, and that the mistake was not discovered until a few days prior to the filing of the amended bill. It is an inherent element of laches that the parties sought to be charged therefor have knowledge of the facts, and it is only when the delay is accompanied by some other element rendering it inequitable to permit the owner to assert his title that laches will be held to bar his rights before the statute of limitations has run; *Peabody v. Burri,* 255 Ill. 592.

6

Under the law and the evidence we are satisfied that the court erred in holding that appellant was not entitled to have its mortgage reformed so as to include all of the land which the mortgagor intended to mortgage. The decree is reversed and the cause remanded with directions to reform the mortgage as prayed in the bill and to foreclose the same as reformed.

*Reversed and remanded with directions.*