(No. 26278.—

Steve Korosic, Appellee, *vs.* Anton B. Pearson *et al.* Appellants.

*Opinion filed September 17, 1941.*

A. C. Lewis, and Willard E. Cain, for appellants.

Bunge & Bunge, (Gordon C. Bunge, of counsel,) for appellee.

Mr. Justice Shaw delivered the opinion of the court:

Anton B. Pearson and Agnes M. Pearson appeal from a decree of the circuit court of DuPage county, ordering the reformation of three deeds and one contract of sale.

On January 5, 1924, appellee Steve Korosic and his brother Edward Korosic, became joint owners in fee of

lot 1, in Clarendon Hills Acres Estates in DuPage county. This real estate is located in the southeast quarter of section 15, township 38 north, range 11 east of the 3rd P. M. and has a frontage of 628.82 feet, east and west, on Fifty-ninth street and a depth, or north and south frontage, of 297.93 feet on Clarendon Hills Road. The recorded plat of this subdivision shows a strip of land 33 feet in width along the north side of lot 1, which was dedicated as a part of Fifty-ninth street. It appears from the evidence that no governmental authority has ever at any time exercised any control over this strip and it has never been graded or prepared for public travel.

Shortly after this property was purchased the brothers agreed to divide it so that Edward would take the north half and Steve the south, and the arrangement was so understood by both of them. Thereupon each brother went into possession of his respective part of the property and Edward constructed a home on the north half and made certain other improvements thereon. Appellee likewise built a home and made improvements on the south half and between them they constructed a joint driveway along what they mutually assumed and believed to be the true dividing line between them, which they had agreed upon.

Thereafter, in 1927, the two brothers decided to make the division lawful and a matter of record by deeds and for that purpose consulted the real estate agent who had originally sold them the property. This real estate agent prepared three deeds by one of which they conveyed the entire property to the agent and by the other two the agent conveyed back to the two brothers, one deed conveying the south half to Steve Korosic and the other conveying the north half to Edward and his wife. It is clear from the record that it was the intention of these parties that each should have one-half of the lot and that they believed that they had so arranged it as to create a division along the

center line of the driveway, which they had previously constructed.

On July 24, 1937, Edward and his wife made a deed to Michael Bucz and Julia Bucz, as joint tenants, conveying the north half of lot 1, and soon thereafter these purchasers entered into a contract to sell the same property to the appellants Anton B. Pearson and Agnes M. Pearson. About three months after the making of this contract these appellants had a survey made of the property and it was then for the first time discovered by any one that they had all been mistaken about the southerly boundary line of the north half of lot 1. This mistake occurred because everyone had ignored the 33-foot strip of platted but unused roadway along the north side of the property. This discovery placed in issue and dispute the ownership of a strip of land 16½ feet wide along the line previously supposed to have been their property dividing line.

The record shows that before any one had thought about this situation, and while they all supposed the dividing line to be along the center of the driveway, the appellee had been in exclusive possession of the property in dispute for more than 13 years, that he had built a chicken house, dug a well and planted trees along the supposèd dividing line, but actually on this 16½-foot strip. It further appears that a brick house which he built on the property extended 2.4 feet over the actual line but well within what everyone thought was the line.

The master in chancery who heard the evidence found for the complainant and recommended a decree for reformation, in accordance with the prayer of the complaint. Exceptions to the master's report were overruled and a decree was entered in accordance with his recommendation.

Appellants correctly contend that before a court of chancery will grant reformation of an instrument on the ground of mistake it must appear that the mistake was one

of fact and not of law, was common and mutual to the parties and that it existed at the time the instrument was prepared and executed. The authorities so hold. (*Skelly* v. *Ersch,* 305 Ill. 126; *Pearce* v. *Osterman,* 343 id. 175; *Tope* v. *Tope,* 370 id. 187.) The difficulty with the case for the appellants is that the facts in this case as found by the master and chancellor and sustained by the record comply with the rules on which they rely.

There is no chance for any doubt that the Korosic brothers each believed the center of their driveway to be the proper dividing line between their properties, nor to doubt that the appellants believed the same thing when they purchased. Indeed, the surveyor employed by the appellants testified that they told him before he started work that two small buildings which were afterwards found to be on the disputed tract actually belonged to the appellee. Before they bought this propery appellants were confronted with such monuments as ordinarily delineate boundary lines and were bound to take notice of them. The driveway, the row of trees, the chicken house and even a part of appellee's house itself were in full view and could not in good faith be ignored. Appellants had ample opportunity to observe these physical facts, to make inquiry of appellee or others, to require a survey or look for surveyor's monuments. No master in chancery or chancellor could be expected to believe that appellants in good faith intended to buy or actually thought they were buying 2.4 feet off of the north end of appellee's house.

Appellants further say that if any mistake was made it was due to the negligence of the appellee. To constitute such negligence as will be sufficient to prevent reformation of a deed it must be shown to have been of such a gross nature as to amount to a violation of a legal duty. *Skelly* v. *Ersch, supra.*

It is finally contended that the appellants are entitled to the benefit of the well-established rule that equity will not

reform a deed as against subsequent *bona fide* purchasers without notice of the mistake. The rule is that actual notice of the mistake is not an essential point. If the purchaser has notice or knowledge of such facts as will or ought to put a prudent person on inquiry, he will be charged with notice of all facts which such an inquiry would have shown. *Mason* v. *Mullahy,* 145 Ill. 383; *German-American Nat. Bank* v. *Martin,* 277 id. 629.

We find no error in the decree of the circuit court and it is affirmed.

*Decree affirmed.*