## BELVIDERE DISTILLING CO. v. RECONSTRUCTION FINANCE CORP.
### No. 48 C 1651.

United States District Court
N. D. Illinois, E. D.
Nov. 15, 1949.

Jacobson & Schwartz, Chicago, Ill., for plaintiff.

Lee Walker and Stephen R. Chummers, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff, in this cause of action, seeks reformation of a contract or, in the alternative, damages for its breach. The complaint sets forth the following allegations: (a) September 29, 1944—Plaintiff entered into the subject contract with the Defense Plant Corporation, whereby plaintiff was to erect a building to be used for the manufacture of dried solubles. The Defense Plant Corporation was to pay for the construction and install the necessary machinery. Plaintiff agreed, upon completion of the building and installation of the machinery, to lease them until 1952. (b) July 1, 1945—The Defense Plant Corporation was dissolved and the present defendant assumed all of its duties and powers. (c) September, 1945—The defendant informed plaintiff that the agreement would have to be amended whereby plaintiff would erect the building at its own cost, but the machinery would be installed by defendant, which machinery plaintiff would lease from defendant with an option to purchase. Plaintiff further asserts that they agreed orally that the lease of machinery was to take effect after all the machinery had been installed, and that neither party should have the right to terminate the lease until after the construction had been completed and the machinery installed. The lease was to run until 1951. However, as written, the contract provided that it could be terminated upon 15 days' written notice, and contained no proviso that the lease was not to take effect until after installation of the machinery or that the lease could not be terminated until that time. (d) April, 1946—Plaintiff had some correspondence with an agent of the Department of Agriculture which apparently assured that the project would not be cancelled prior to completion. (e) February 3, 1947—Defendant cancelled the agreement, upon 15 days' written notice, while plaintiff was still in the process of construction.

The theory upon which plaintiff seeks reformation is that, as a result of mutual mistake, the written agreement did not express the actual agreement of the parties.

Defendant moves to dismiss the complaint on the following grounds: (a) Failure to state a claim upon which relief can be granted, in that the agreement speaks for itself as to the rights of termination; (b) That, in effect, this is a suit against the United States which has not consented to be sued or waived immunity; (c) Plaintiff has not exhausted, or even availed itself of, the administrative remedy established by the Contract Settlement Act of 1944, 41 U.S.C.A. § 101 et seq.; (d) Failure to name an indispensable party, i. e., the Secretary of Agriculture.

Although, as it will be pointed out hereafter, the defendant's motion must be denied, the Court wishes to point out at the outset that the structure of plaintiff's case seems fundamentally weak. The law applicable to the doctrine of mutual mistake is ably expressed in the case of Russell v. Shell Petroleum Corp., 10 Cir., 66 F.2d 864, 866:

"Where an agreement has been made or a transaction entered into or determined upon as intended by the parties, but either through the mutual mistake of the parties, or through a mistake of one accompanied by a fraudulent knowledge and procurement of the other, the written instrument fails to express the real agreement or transaction, equity may grant reformation. Columbian Nat. Life I. Co. v. Black, 10 Cir., 35 F.2d 571, 71 A.L.R. 128; Southern Surety Co. v. U. S. Cast Iron Pipe & F. Co., 8 Cir., 13 F.2d 833; Pomeroy's Eq. Juris. (4th Ed.) Vol. 2, § 870.

"To justify reformation on the ground of mistake, the mistake must have been made in the drawing of the instrument and not in the making of the contract which it evidences. Robinson v. Korns, 250 Mo. 663, 157 S.W. 790; Curtis v. Albee, 167 N.Y. 360, 60 N.E. 660. A mistake as to the existing situation, which leads either one or both of the parties to enter into a contract which they would not have entered into had they been apprised of the actual facts, will not justify reformation. It is not what the parties would have intended if they had known

**300**

better, but what did they intend at the time, informed as they were.

"Williston on Contracts, vol. 3, § 1549, states the rule as follows:

" 'If, because of mistake as to an antecedent or existing situation, the parties make a written instrument which they might not have made, except for the mistake, the court cannot reform the writing into one which it thinks they would have made, but in fact never agreed to make.' ".

■■ It seems in this case that, if the written agreement did not actually represent the true contract of the parties, it was due not to mistake, but rather to an ill-advised gamble on the part of plaintiff that defendant would not enforce the express provisions of the contract. However, the matter may not be disposed of so readily upon a motion to dismiss, and the plaintiff must be permitted to submit its evidence upon trial of the cause. It is only fair to state, however, that the law seems clear that plaintiff should be precluded from relief by its act of signing the lease when it knew, or ought to have known, that it permitted the defendant to terminate at any time, without regard to completion of construction and installation of machinery. On the face of it, plaintiff would appear to have been negligent, but that is not sufficient. The law of Illinois is stated in Korosic v. Pearson, 377 Ill. 413, 36 N.E.2d 744, 745:

" * * * To constitute such negligence as will be sufficient to prevent reformation of a deed it must be shown to have been of such a gross nature as to amount to a violation of a legal duty. * * *"

■■ Grounds (b) and (d), asserted by defendant in support of its motion, are without merit. The Reconstruction Finance Corporation is the only agency interested in the outcome of the suit and the only one from whom relief is sought. The mere fact that some of the negotiations were conducted between plaintiff and the agents of the Department of Agriculture does not alter this fact.

■ Considering the nature of plaintiff's cause of action, it is not obliged to first proceed under the Contract Settlement Act. Reformation of an instrument appeals to the equitable jurisdiction of the Court, which jurisdiction has not been granted to any other branch of the Government or any agency thereof.

For the above reasons, defendant's motion to dismiss the complaint is denied. In view of the crowded condition of the Court's calendar and in the interest of the orderly and expeditious administration of justice, the cause is hereby referred, by an order of general reference, to Master Joseph Elward for trial.